[Civ. No. 2623.   Second Appellate District, Division One.—February 7, 1919.]

## HOME REAL ESTATE CO. (a Corporation), Appellant, v. E. L. WINNANTS et al., Respondents.

PLEADING AND PRACTICE — DEMURRER TO COMPLAINT SUSTAINED WITH LEAVE TO AMEND — VOLUNTARY DISMISSAL OF ACTION WITHOUT AMENDMENT—SUBSEQUENT VACATING OF DISMISSAL.—Where plaintiff, after the sustaining of a demurrer to its complaint with leave to amend, voluntarily dismisses its action, an order of the court thereafter attempting to vacate such dismissal and a judgment for the defendant following that order are void.

APPEAL — RULING ON DEMURRER — VOLUNTARY DISMISSAL OF ACTION—
RIGHT TO REVIEW DEMURRER WAIVED.—Where, after the sustaining
of a demurrer to the complaint, the plaintiff voluntarily dismisses
his action, he puts himself in a position where he cannot ask for a
ruling by an appellate court on the demurrer.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Paul McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles L. Benoist for Appellant.

Charles H. Mattingly for Respondents.

C. M. Mooslin, *Amicus Curiae.*

JAMES, J.—Plaintiff has taken this appeal from a judg-
ment rendered against it, entered after the sustaining of a de-
murrer to the complaint. The judgment, in so far as it re-
quired money to be paid to the defendants, was only for a few
dollars as costs incurred by the defendants.

Plaintiff's first contention is that this judgment was erro-
neously entered because it had, prior to the date of the judg-
ment, dismissed its action. This claim arises because of the
following situation, as shown by the record: Defendants'
demurrer to plaintiff's second amended complaint was sus-
tained and notice of that ruling was given on May 4, 1915.
In the order sustaining the demurrer ten days was allowed
to the plaintiff to amend. On May 11th, within the ten days
mentioned, plaintiff filed with the clerk of the court an order
requiring the dismissal of the action. The court later entered
an order vacating the dismissal, and on May 18, 1915, ren-
dered the judgment from which the appeal is taken. Ap-
pellant's contention is that it had a right to dismiss its action
at any time before the final judgment, and that the court's
order attempting to vacate such dismissal and the judgment
following that order are void and of no effect. In this con-
tention we think that the appellant is right. In *Goldtree* v.
*Spreckels,* 135 Cal. 666, [67 Pac. 1091], the court adopts the
following quotation from a Texas decision (*Scherff* v. *Mis-
souri Pac. Ry. Co.,* 81 Tex. 471, [26 Am. St. Rep. 828, 17 S. W.
390]) as correctly stating the law as applied to the California

code provision (Code Civ. Proc., sec. 581) : ''When a general demurrer to a petition is sustained, and the plaintiff declines to amend, he practically confesses that he has alleged in his pleading every fact he is prepared to prove in support of his action.   Therefore, in such a case, nothing remains to be done except to render judgment for the defendant.   Since the defendant by his demurrer has admitted all the facts of the plaintiff's case, we see no reason why the judgment should not. be regarded as a conclusive determination of the litigation on its merits.   So, also, if the plaintiff takes leave to amend, but fails to do so, and judgment is rendered against him for that reason, it is as if he had declined to amend in the first instance.   But, when he takes leave to amend, he virtually asserts that he has not set up his whole case in his petition; and, although the judgment is that his petition does not show a cause of action, yet the leave to amend takes from the judgment that quality of finality which is necessary to make it an estoppel, and thus 'sets the matter at large.' ''   In this case leave was not denied to the plaintiff to amend its complaint, and its time had not elapsed to make an amendment before it filed with the clerk its order requiring that a dismissal be made.   Under the decision above mentioned it would seem in that situation that the case was left open, leaving to the plaintiff the option either to dismiss, amend, or allow its time to expire and judgment to be entered.   If it had filed within the ten days any sort of an amendment to its complaint, it is not disputed that it immediately might have required a dismissal to be entered under the permission of section 581 of the Code of Civil Procedure; and why the same right to dismiss did not exist without the filing of that amendment, up to the time that the ten days expired, we are not able to understand.   The only costs that the plaintiff was required to pay as a condition to the dismissal was such costs as the clerk might properly exact for entering the dismissal, and not the costs which might have accrued to the defendants.   Such costs could be claimed only by the presenting of a cost bill in due time.   (*Hopkins* v. *Superior Court,* 136 Cal. 552, [69 Pac. 299].)

The demurrer to the second amended complaint brought into question the matter of the liability of a vendee in possession under an executory contract of sale to pay special assessments levied against the property, where the contract imposed

no condition of payment upon him. The appellant must concede that by a voluntary dismissal of the action, it has put itself in a position where it cannot ask that the ruling of the court on the demurrer be here reviewed. This dismissal we deem to have been regularly made, and conclude that the judgment subsequently entered by the court was made without authority. The latter judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.