PACHECO ET AL., PETICIONARIOS, *v.* HON. R. CUEVAS ZEQUEIRA, JUEZ DE DISTRITO, DEMANDADO.

Solicitud para que se expida un auto de *mandamus* al Juez de la Corte de Distrito de Humacao.

No. 171.—Resuelto en marzo 14, 1919.

MANDAMUS—TÉRMINO EN QUE LAS CORTES DE DISTRITO Y MUNICIPALES PRONUNCIARÁN SUS SENTENCIAS O RESOLUCIONES EN TODOS LOS CASOS CIVILES.—De acuerdo con la jurisprudencia establecida en el caso del *Municipio de Quebradillas* v. *El Secretario Ejecutivo de Puerto Rico*, decidido en 11 de marzo corriente, el P. de la C. 79, titulado ''Proyecto de ley para fijar el término en que las cortes de distrito y municipales pronunciarán sus sentencias o resoluciones en todos los casos civiles, y para otros fines,'' aprobado por la Cámara de Representantes y por el Senado de Puerto Rico, es ley por no haber sido devuelto por el Gobernador a la Asamblea dentro del término de diez días, con excepción de los domingos, fijado por la sección 34 de la Ley Orgánica, ya que la Asamblea no levantó sino meramente suspendió sus sesiones el 26 de noviembre de 1917 para continuarlas el 4 de febrero siguiente, no habiendo impedido por tal acto la devolución del proyecto por parte del Gobernador.

ID.—LEYES PROCESALES.—Siendo de procedimiento, era aplicable la ley de que se trata a un pleito visto anteriormente y no fallado aun, pero concediendo al tribunal todo el término fijado por la misma para dictar la sentencia.

ID.—SENTENCIA—DERECHO A QUE SE DICTE.—Cuando las partes tienen un derecho absoluto a que el tribunal dicte sentencia, procederá el *mandamus*, pero este auto no se expedirá cuando el efecto del mismo sería el de revisar o controlar la discreción de una corte inferior. Para que pueda expedirse el auto, los peticionarios deberán establecer un derecho claro al remedio. Debe haber habido una previa solicitud a la corte *a quo, y debe haber* existido una negativa por parte de dicha corte para actuar.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Fernando Vázquez.*

Abogados del demandado: *Hons. Attorney General* y *Jaime Sifre, Jr.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Juan Francisco, José del Carmen, Miguel, Maximina, Atanasio de la Cruz, Isidora del Carmen y Juana Pacheco y Becerril presentaron a esta Corte Suprema una solicitud para que se expidiera un auto de *mandamus* dirigido al Juez de la Corte de Distrito de Humacao, ordenándole que inmediatamente dictara sentencia en el caso civil No. 3567, titu-

lado *Juan Francisco Pacheco y otros* v. *Diego Zalduondo,* sobre reivindicación de finca rústica.

En la solicitud se alegó que la vista del indicado pleito se celebró en la expresada corte el 19 de junio de 1917 y que no obstante existir una ley que comenzó a regir el 5 de marzo de 1918 y que dispone "que el término en que los jueces de distrito y los municipales pronunciarán sus fallos o resoluciones en toda acción civil, no excederá de sesenta días para éstos y noventa para aquéllos", dicha corte de distrito no había dictado sentencia a la fecha de la solicitud, 15 de abril de 1918. Se expidió mandamiento ordenando al demandado que expresara las causas por virtud de las cuales no debía dictarse el auto y así lo hizo el demandado en 10 de mayo de 1918. El 3 de junio se celebró la vista practicándose pruebas y oyéndose los informes de los abogados de ambas partes. Ni se alegó por los peticionarios que hubieran pedido directamente a la corte de distrito que dictara sentencia en el pleito y se probó en la vista que no lo hicieron.

Sostiene en su alegato la parte demandada que el proyecto de ley a que hacen referencia los peticionarios nunca se convirtió en ley porque la Legislatura, mediante la suspensión de sus sesiones, impidió la devolución del mismo, y discute ampliamente esta cuestión. El caso en este aspecto es igual al del *Municipio de Quebradillas,* v. *El Secretario Ejecutivo de Puerto Rico,* decidido por esta Corte el 11 de marzo actual. De acuerdo con la jurisprudencia establecida, debe resolverse que el P. de la C. 79, titulado "Proyecto de ley, para fijar el término en que las cortes de distrito y municipales pronunciarán sus sentencias o resoluciones en todos los casos civiles, y para otros fines", aprobado por la Cámara de Representantes y por el Senado de Puerto Rico, enviado al Gobernador y recibido en la oficina de éste a las 9 a. m. del 21 de noviembre, 1917, es ley por no haber sido devuelto por el Gobernador a la Asamblea dentro del término de diez días con excepción de los domingos, fijado por la sección 34 de la Ley Orgánica, ya que la Asamblea no levantó sino me-

ramente suspendió sus sesiones el 26 de noviembre de 1917 para continuarlas el 4 de febrero siguiente, no habiendo impedido por tal acto la devolución del proyecto por parte del Gobernador.

Pero el demandado sostiene, además, que aunque tal proyecto se hubiera convertido en ley, no podría aplicarse a este caso, y aun más, que aunque fuera aplicable, debería negarse siempre la petición de *mandamus,* y en cuanto a estos extremos, tiene el demandado razón, a nuestro juicio.

Según los mismos peticionarios, la ley de que se trata comenzó a regir el 5 de marzo de 1918. Siendo una ley de procedimiento, era aplicable sin duda a un pleito visto anteriormente y no fallado aun, pero concediendo al tribunal todo el término fijado en ella para dictar la sentencia, y dicho término no había transcurrido a la fecha de la solicitud, 15 de abril de 1918, ni aun a la de la vista, 3 de junio de 1918.

Además, aunque no fuera esto así, no deberíamos dictar el auto, porque los peticionarios antes de pedir el auxilio de esta corte, debieron acudir a la propia corte de distrito solicitando el pronunciamiento de la sentencia de que se trata. Véase la jurisprudencia sobre el particular, tal como la condensa Cyc. Es como sigue:

"Cuando las partes tienen un derecho absoluto a que el tribunal dicte sentencia, procederá el *mandamus* pero este auto no se expedirá cuando el efecto del mismo sería el de revisar o controlar la discreción de una corte inferior. Para que pueda expedirse el auto, los peticionarios deberán establecer un derecho claro al remedio. Debe haber habido una previa solicitud a la corte *a quo*, y debe haber existido una negativa por parte de dicha corte para actuar." 26 Cyc. 210, 211.

Por virtud de todo lo expuesto opinamos que debe dictarse sentencia declarando no haber lugar a librar el auto que se solicita.

*No ha lugar a librar el auto solicitado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó "conforme con la sentencia."