López, Demandante y Apelante, *v.* Comisión de la Policía Insular, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en procedimiento de *mandamus.*

No. 2601.—Resuelto en junio 15, 1922.

*Mandamus*—Partes Demandadas en *Mandamus* Contra la Comisión de la Policía Insular.—La notificación de un auto de *mandamus* expedido contra la Comisión de la Policía Insular, no es necesaria hacerla extensiva al Gobernador ni al Fiscal General de Puerto Rico.

Id.—Costas en Pleitos Civiles.—En el presente caso *se resolvió:* que la demandada Comisión de la Policía Insular no estaba obligada a pagar las costas a que se refiere la Ley No. 17 de 1915.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. A. A. Vázquez.*
Abogados de la apelada: *Hon. Attorney General* y *José E. Figueras, Fiscal.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Juan López Acevedo presentó en la Corte de Distrito

de San Juan, Primer Distrito, una solicitud para que se expidiera un auto de *mandamus* dirigido a la Comisión de la Policía Insular, compuesta de las personas que se indican, a fin de que dicho organismo lo repusiera en su cargo de policía de cuyo cargo alegaba que había sido privado ilegalmente.

El auto fué expedido y en el día señalado para la comparecencia, la comisión, por medio de su abogado, el Attorney General Interino de Puerto Rico, presentó una moción para anular el emplazamiento y notificación, y, sin perjuicio de ella, archivó una moción de eliminación, un escrito de excepción previa y otro de contestación. Se argumentó oralmente la primera moción o sea la de nulidad y la corte la declaró con lugar y en su consecuencia desestimó la solicitud. La nulidad se basó en que siendo la comisión demandada una junta u organismo oficial de El Pueblo de Puerto Rico, el *mandamus* debía entenderse como un pleito contra El Pueblo de Puerto Rico, y, por tanto, era necesario notificar al Gobernador y al Fiscal General, con cuyo requisito había dejado de cumplir el demandante.

No conforme éste apeló y en su alegato señala la comisión de dos errores, a saber: el cometido por la corte al no dictar un auto de *mandamus* perentorio y el incurrido al declarar con lugar la moción de nulidad.

1. Argumentando el apelante el primer señalamiento de error, cita las secciones 8, 9 y 10 de la Ley estableciendo el auto de *mandamus* de 1903, que fijan el procedimiento que debe seguirse en tales casos. "Si no se diere contestación alguna, se expedirá el auto de *mandamus* perentorio en contra del demandado," dice la sección 9, y el apelante sostiene que la corte debió dar cumplimiento a ese precepto legal porque aquí no se archivó contestación alguna, ya que si bien se presentaron las mociones y escrito indicados, lo fueron sin sellos y deben considerarse como nulos y no existentes por mandato imperativo de la ley.

La sección 6 de la Ley No. 17 de 1915, reguladora del cobro de derechos y costas en los pleitos civiles, dice así:

"Todos y cada uno de los documentos o escritos que por esta Ley se requiere que lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos."

¿Requiere la ley que la moción resuelta por la corte lleve adherido algún sello de rentas internas? La única disposición a este caso aplicable es la contenida en las letras "M" y "N" de la sección segunda de la ley, a saber:

"M. Por cada petición en recursos extraordinarios, $3.00.—N. Por cada oposición de una parte cualquiera en recursos extraordinarios, $2.00."

No sin algunas dudas consideramos que dicha moción está comprendida dentro de lo dispuesto en la letra "N". Parece que la intención de la ley es que se satisfaga por la parte opositora el derecho fijado, al comparecer por primera vez en cualquier forma y para cualquier propósito que lo haga.

La representación legal de la comisión no discute este punto. Sostiene que "Si El Pueblo de Puerto Rico está exento del pago de derechos y la demandada y apelada en este caso, que lo es la Comisión de la Policía Insular, forma parte y es una entidad de El Pueblo de Puerto Rico, claro está que no puede aplicársele la ley de costas, ya que esto sería aplicársela indirectamente a quien por la ley está exento del pago de tales derechos."

El razonamiento del fiscal es lógico. No se trata aquí de la imposición de costas a virtud de sentencia, sino del pago previo de ciertos derechos que se verifica por medio de estampillas que se compran al propio Pueblo de Puerto Rico.

El apelante invoca en su favor la resolución de esta corte en el caso de *Nazario* v. *Santos, Juez Municipal*, 27 D. P. R. 89. Allí dijimos:

"Leída cuidadosamente toda la ley, en ninguna de sus secciones se exime del pago de los derechos fijados a los funcionarios públicos cuando éstos son parte en los procedimientos civiles, en casos de la naturaleza del presente. La parte interesada no ha citado como era su deber ninguna ley que contenga dicha exención ni jurisprudencia concreta aplicable y, en tal virtud, nos vemos obligados a decidir que tiene razón la parte apelada, porque siendo 'nulo y sin ningún valor' el escrito interponiendo el recurso, éste no tiene existencia legal."

Aunque no puede negarse que el caso invocado tiene puntos de contacto con el presente, no es igual ni semejante al mismo. En el de Nazario se trataba de la gestión hecha por el propio funcionario individualmente. En éste se trata de una junta que se ve obligada a comparecer. Los términos en que aparece redactada la opinión en el repetido caso de Nazario, indican claramente que cuanto en ella se dijo está limitado al caso mismo o a otros iguales o semejantes.

2. ¿Se trata aquí de una verdadera demanda en contra de El Pueblo de Puerto Rico? El procedimiento se siguió contra la Comisión de la Policía Insular, un organismo debidamente constituído, por un acto realizado dentro del radio de sus atribuciones. A la comisión se le emplazó en forma y acudió en el plazo fijado a la corte y archivó, entre otros documentos, su contestación. No creemos que se trate de un caso en que sea necesario emplazar al Gobernador y al Attorney General, de acuerdo con la ley interpretada por esta corte en el caso de *Saurí y Subirá* v. *Sepúlveda,* 25 D. P. R. 242. El pleito es entre el demandante y la comisión. Cualquier sentencia que pueda dictarse no irá en sus efectos más allá de ambas partes.

Siendo esto así, la corte erró al declarar con lugar la moción y en tal virtud debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.