SUCESIÓN DE JUANA RAMOS LATOUR, demandante y apelante, v. JOSÉ RIVERA SALAMÁN y su esposa MARÍA SOCORRO MENDOZA; MIGUEL RODRÍGUEZ RIVERA, JOSÉ LLADÓ VIDAL hoy GASPAR FONT, CECILIO ISAAC SANTOS, EMILIA MANGUAL CASTRO y GREGORIO HERNÁNDEZ CAMPOS, demandados y apelados.

No. 5347.—*Sometido:* Junio 9, 1930. *Resuelto:* Junio 27, 1930.

*A. Marín*, abogado de la apelante; *Manuel F. Rossy*, abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

De acuerdo con el artículo 192 del Código de Enjuiciamiento Civil cuando un demandante desiste de un caso y conviene en pagar las costas, no consiente en pagar los honorarios de abogado, y si la corte le impone las costas sin excluir tales honorarios, o en otras palabras, si no limita las costas a las que se originen en la secretaría, tal demandante tiene derecho a apelar de la sentencia fijando las costas en esta forma ilimitada. Tal vez sería necesario que el demandante hiciera una moción solicitando la limitación de las costas. *Vicente León* v. *Malavé*, 39 D.P.R. 376. Se trata, sin embargo, de una moción para desestimar la apelación en vista de que la sentencia ha sido consentida y ahora estamos resolviendo meramente que el consentimiento no se extiende a la imposición general de costas, incluyendo honorarios de abogado, toda vez que ésa no fué la idea fundamental del artículo 192. Según indica el apelante, en la moción de desestimación no se sugiere que la apelación sea considerada frívola.

En el escrito de apelación se decía que se apelaba de la sentencia en tanto en cuanto imponía las costas. El artículo 296 del Código de Enjuiciamiento Civil provee:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

De conformidad con ese artículo el apelante tiene derecho a apelar del pronunciamiento de costas.

Además, aparentemente el apelado sostiene que la apelación es demasiado tardía. Se presentó un memorándum de costas en la corte inferior. El apelante impugnó el memorándum por el fundamento de haber sido radicado prema-

turamente, toda vez que el término para apelar no había expirado. Al hacerlo así a nada renunció. Por tanto, tenemos que considerar si la apelación es demasiado tardía.

El apelante alega que la sentencia no le fué notificada. Los autos o la certificación del secretario elevada a esta corte no revela que el secretario haya archivado copia de la notificación a la parte vencida en juicio, según exige la sección 2 de la ley de marzo 9, 1911, Compilación, p. 902. A partir del archivo de tal notificación es que empieza a contarse el término para apelar. Véase la opinión concurrente en el caso de *Cruz* v. *Jiménez,* 32 D.P.R. 833, 840.

*Debe declararse sin lugar la moción de desestimación.*