CARLOS CONDE, ETC., Plaintiff and Appellant, v. JOSÉ RIVERA SALAMÁN ET AL., Defendants and Appellees.

No. 5468. Argued May 5, 1932.—Decided July 29, 1932.

A. *Marín Marién* for appellant.   *Manuel F. Rossy* for appellees Miguel Rodríguez and Cecilio Isaac Santos.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellant commenced an action against several persons, and a few years afterwards he notified the clerk of the court that he was dismissing his action upon payment of the costs arising in the clerk's office.   After such notice had been entered in the clerk's register, the court of its own motion rendered judgment dismissing the action, with costs. Within the next ten days, two of the defendants filed a memorandum of costs including therein several items, one of them for attorney's fees.   The plaintiff objected to said memorandum on several grounds, but the court approved it after reducing the amount of attorney's fees.   The present appeal has been taken from that decision.

928

The grounds urged in support of this appeal are the following: First, that the lower court erred in considering as valid its judgment dismissing the plaintiff's action and adjudging him to pay the costs, in so far as imposed costs without limiting the latter to those arising in the clerk's office; second, that it also erred in holding that it was not necessary to serve notice of said judgment upon the plaintiff because the judgment of dismissal was not appealable; and, third, that it likewise erred and abused its discretion in refusing to reconsider the judgment and to set it aside in so far as it imposed costs other than those arising in the clerk's office.

According to subdivision 1 of section 192 of the Code of Civil Procedure, an action may be dismissed by the plaintiff, at any time before trial, upon the payment of costs, except in certain cases, which do not include the present suit. It is not necessary to apply to the court for such dismissal. It suffices to notify the clerk, who is bound to enter the dismissal in the register and render judgment accordingly, the court being empowered to compel the clerk to comply with such ministerial duties should he refuse to do so. *Hopkins* v. *Superior Court,* 136 Cal. 552; 69 Pac. 299. However, this statutory provision does not preclude the plaintiff from applying to the court for a dismissal, in which case, if the application is granted, the dismissal should be entered by the clerk in the register. *McDonald* v. *Timber Corporation,* 2 Cal. App. 165; 83 Pac. 162; *Richard* v. *Bradley,* 129 Cal. 670; 62 Pac. 316.

The above-mentioned provision was considered by the Court in another proceeding between the parties to this suit by reason of an appeal taken by the plaintiff from a judgment directing him to pay the costs arising from the dismissal of the action. *Heirs of Ramos* v. *Rivera,* 41 P.R.R. 285. In that case we held that when a plaintiff dismisses a case and agrees to pay the costs he does not consent to pay attorney's fees; and that if the court imposes costs without excluding attorney's fees, or in other words, does not limit

the costs to the ones arising in the clerk's office, such a plaintiff has a right to appeal from the judgment fixing costs in this unlimited way; and that the plaintiff had a right to appeal from the imposition of costs. As to the costs, the California decisions hold that the same are limited to the amount thereof arising from the order that the clerk must enter for the dismissal. Those are the only costs that the plaintiff is required to pay before the dismissal, and not those that may have been occasioned to the defendant. *Hopkins* v. *Superior Court, supra; Todhunter v. Klemmer,* 134 Cal. 60; 66 Pac. 75; *Home Real Estate Co.* v. *Winnants,* 39 Cal. App. 643; 179 Pac. 534. In *Hopkins* v. *Superior Court, supra,* the Supreme Court of California said: "So here, whatever may be the rights of the defendant to recover his costs upon plaintiff's dismissal of the action, that right arises only after dismissal, and the prepayment of defendant's costs, under all of the decisions, is not a prerequisite to the exercise of plaintiff's right. The clerk is not charged with the judicial functions of taxing costs and settling a cost bill. He cannot say what costs of the defendant the plaintiff is under obligation to pay. The utmost of a defendant's right under the circumstances is to present his cost bill in due time after dismissal, to have it settled, and take judgment for his costs against plaintiff accordingly." In *Home Real Estate Co.* v. *Winnants, supra,* the same doctrine was upheld. · In that case the court said that the costs occasioned to the defendant must be claimed in a memorandum of costs filed in due time. The judgment of the lower court was unnecessary as to the dismissal, which should have been registered by the clerk and judgment entered accordingly, and as to the costs the court should have waited for the defendant to exercise his rights. A party should not be awarded any relief which he has not sought, and in the instant case, when the court rendered its judgment, the defendant had not taken any action looking to the collection of his costs. In accordance with the laws of Puerto Rico, the awarding of costs is a mat-

ter to be decided by the court in the exercise of its discretionary powers. Inasmuch as the prepayment of the costs by the plaintiff refers to the fees required for the filing of the motion to dismiss and for the filing of the judgment, it is but natural that the costs of the defendant should be determined and awarded by the court on motion of the interested party. We think that the proper remedy for the defendant under the laws of Puerto Rico is to move the court for a judgment imposing costs on the plaintiff and if he obtains a favorable decision, then he should wait until the judgment becomes final to file the memorandum of costs within the time prescribed by law.

Consequently, since the plaintiff herein stated in his motion to dismiss the action that he was willing to pay the costs arising in the clerk's office, and the court entered a judgment of dismissal imposing costs on the plaintiff without limiting them to the clerk's fees, such judgment was appealable and should have been notified to the plaintiff, as it was not in accordance with his motion; and therefore the memorandum of costs of the appellees was prematurely filed, it having been presented ten days after the judgment was rendered, when the latter had not become final.

The order appealed from must be reversed.