CARLOS CONDE, hoy SUCESIÓN DE JUANA RAMOS LATOUR, demandante y apelante, *v.* JOSÉ RIVERA SALAMÁN y otros, demandados y apelados (algunos).

No. 5468.—*Sometido:* Mayo 5, 1932. *Resuelto:* Julio 29, 1932.

*A. Marín Marién,* abogado de la apelante; *Manuel F. Rossy,* abogado de los apelados Miguel Rodríguez y Cecilio Isaac Santos.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El apelante comenzó un pleito contra varias personas y algunos años después presentó escrito al secretario de la corte manifestándole que desistía de su pleito previo pago de las costas de secretaría. Registrado ese escrito en el libro del secretario la corte, motu proprio, dictó sentencia teniendo al demandante por desistido de su acción con las costas. Dentro de los siguientes diez días presentaron dos de los demandados un memorándum de costas conteniendo varias partidas, siendo una de ellas por honorarios de abogado. Se opuso el demandante a la aprobación de ese memorándum por varios motivos pero la corte lo aprobó rebajando la cuantía por honorarios de abogado. Contra esa resolución se interpuso esta apelación.

Los motivos alegados para sostener este recurso son: primero, que cometió error la corte inferior al reconocer validez a la sentencia dictada por la misma que declaró desistida a la demandante de la acción e imponiéndole las costas, en cuanto impone costas sin limitarlas a las causadas

en secretaría: segundo, que también cometió error al declarar que no era necesaria la notificación de dicha sentencia a la demandante por no ser apelable la sentencia de desistimiento; y tercero, que también fué error y abuso de discreción el negarse a reconsiderar la sentencia dejándola sin efecto en cuanto a las costas, otras que las causadas en secretaría.

■ Según el artículo 192, No. 1, del Código de Enjuiciamiento Civil, un demandante puede desistir de su demanda en cualquier tiempo antes del juicio previo pago de costas, excepto en ciertas circunstancias entre las cuales no se encuentra este pleito. No es necesario dirigir esa solicitud a la corte. Basta con que se dirija al secretario, quien tiene el deber de anotar el desistimiento en el registro y dictar sentencia de conformidad, pudiendo la corte compelerlo a cumplir con ese deber ministerial en caso de que se niegue a hacerlo. *Hopkins* v. *Superior Court,* 136 Cal. 552; 69 Pac. 299. Las disposiciones del estatuto, sin embargo, no impiden que el demandante pueda dirigirse a la corte solicitando el sobreseimiento, en cuyo caso, una vez sobreseído el pleito, el secretario debe hacerlo constar así en el libro registro. *McDonald* v. *Timber Corporation,* 2 Cal. App. 165; 83 Pac. 162; *Richard* v. *Bradley,* 129 Cal. 670; 62 Pac. 316.

■ Ese precepto fué considerado en otro recurso entre las mismas partes de este litigio con motivo de la apelación que el demandante interpuso contra la sentencia que lo condenó a pagar costas al tenerlo por desistido de su pleito; *Sucn. Ramos Latour* v. *Rivera,* 41 D.P.R. 286. En él dijimos que cuando un demandante desiste de un caso y conviene en pagar las costas no consiente en pagar los honorarios de abogado; y que si la corte le impone las costas sin excluir tales honorarios de abogado, o en otras palabras, si no limita las costas a las que se originen en secretaría, tal demandante tiene derecho a apelar de la sentencia fijando las

costas en esa forma ilimitada; y que el demandante tenía derecho a apelar del pronunciamiento de costas. En cuanto a las costas la jurisprudencia de California sostiene que éstas se limitan al importe de la orden que debe anotar el Secretario por el desistimiento. Estas son las únicas costas que el demandante debe pagar previamente y no aquellas que se puedan haber causado al demandado. *Hopkins* v. *Superior Court, supra: Todhunter* v. *Klemmer,* 134 Cal. 60; 66 Pac. 75; *Home Real Estate Co.* v. *Winnants,* 39 Cal. App. 643; 179 Pac. 534. En *Hopkins* v. *Superior Court, supra,* dice la Corte Suprema de California: "Cualquiera que pueda ser el derecho del demandado a la cobranza de sus costas en caso de desistimiento de la acción, este derecho surge únicamente después del desistimiento. El pago de las costas al demandado no es un prerrequisito al ejercicio del derecho del demandante. No incumbe al secretario ejercitar la función judicial de tasar y resolver el memorándum de costas. Él no puede decir qué costas debe pagar el demandante al demandado. A lo más que tiene derecho el demandado bajo las circunstancias es a radicar oportunamente su memorándum para su resolución y para que se dicte una sentencia de conformidad contra el demandante." En *Home Real Estate Co.* v. *Winnants, supra,* se ratifica esta doctrina. En este caso dice la corte que las costas que sean ocasionadas al demandado deben ser reclamadas por medio de un memorándum de costas presentado a su debido tiempo. ██ La sentencia de la corte inferior fué innecesaria en cuanto al desistimiento, que debió ser registrado por el secretario dictándose sentencia de conformidad, y en cuanto a las costas la corte debió esperar para actuar a que el demandado ejercitara sus derechos. No debe concederse a una parte lo que no pide y en este caso el demandado, cuando se dictó la sentencia por la corte, no había practicado gestión alguna con respecto al cobro de costas. De acuerdo con las leyes de Puerto Rico la concesión de costas es una cuestión para

ser decidida por la corte dentro de sus facultades discrecionales. Puesto que el pago previo de las costas por el demandante se refiere a los derechos exigibles por la radicación de la solicitud de desistimiento y sentencia, natural es que las costas ocasionadas al demandado sean decretadas y estimadas por la corte a solicitud de la parte interesada. Entendemos que el procedimiento a seguir por el demandado de acuerdo con las leyes de Puerto Rico es solicitar de la corte que condene en costas al demandante y si obtiene una resolución favorable entonces debe esperar que sea firme la sentencia para presentar el memorándum de costas dentro del término que la ley exige.

Por consiguiente, habiendo manifestado el demandante en su escrito de desistimiento del pleito que estaba dispuesto a pagar las costas de secretaría y habiendo sido dictada la sentencia por la corte teniéndole por desistido y condenándolo en las costas sin limitar éstas a las de secretaría, tal sentencia era apelable y debía ser notificada al demandante por no resultar de acuerdo con su escrito y por tanto fué prematura la presentación del memorándum de costas de los apelados hecha a los diez días de dictada esa sentencia, cuando no era firme.

*La resolución apelada debe ser revocada.*