LORENZA PEÑA VDA. DE BALBÁS, ET AL., demandantes y apelantes, *v.* CORTE MUNICIPAL DE MAYAGÜEZ, HON. C. R. COLÓN, JUEZ, demandada y apelada.

No. 6642.—*Sometido:* Mayo 21, 1935. *Resuelto:* Julio 8, 1935.

*A. Marín Marién,* abogado de los apelantes; *O. Souffront,* abogado del Juez apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinion del tribunal.

La Corte Municipal de Mayagüez dictó sentencia por $140.79 en favor de ciertos demandantes. Dos días más tarde esos mismos demandantes radicaron en la Corte de Distrito de Mayagüez una petición de *mandamus* para compeler al juez municipal a que dictara sentencia. Tanto la Corte de Distrito de Mayagüez como la Corte Municipal de Mayagüez están situadas en el municipio de Mayagüez. La Corte de Distrito de Mayagüez expidió una orden para mostrar causa fechada el 8 de enero de 1934, en que se ordenaba al juez municipal que compareciera en la sala de sesiones de la Corte de Distrito de Mayagüez el día 12 de enero de 1934, a las nueve de la mañana, para mostrar causa por la cual no debía expedirse un auto de *mandamus*. El juez municipal compareció a las nueve de la mañana del día 12 de enero, radicó su contestación y ofreció en evidencia los autos del caso ante la corte municipal, los que demostraban que la sentencia había sido dictada el 6 de diciembre de 1933. Entonces la corte de distrito anuló la orden para mostrar causa y desestimó la petición de *mandamus,* concediendo las costas, gastos y honorarios de abogado al querellado. Los demandantes apelaron y señalan como error: primero, que la corte de distrito cometió error al proceder a oír pruebas al demandado en el acto de la comparecencia de éste para mostrar causa y en ausencia de los demandantes; y, segundo, que la corte cometió abuso de discreción al imponer las costas, gastos y honorarios de abogado a los demandantes.

Después de celebrar una vista en que ninguna de las partes compareció, esta corte, en una sentencia *per curiam,* confirmó la dictada por la corte de distrito. Los demandantes solicitan ahora la reconsideración de la sentencia así dictada.

Las únicas autoridades citadas en el alegato de los

apelantes en apoyo de su primer señalamiento de error fueron las secciones 8, 9 y 10 de la "Ley estableciendo el auto de mandamus," aprobada el 12 de marzo de 1903 (Estatutos Revisados de 1911, secciones 1335, 1336 y 1337); *Pacheco* v. *Cuevas Zequeira, Juez de Distrito,* 27 D.P.R. 205; *Conde* v. *Rivera,* 43 D.P.R. 968; y 18 R.C.L. 354, sección 312. La médula del argumento era: que la sección 8 no impone a los demandantes el deber de comparecer el día especificado en el auto alternativo; que si conforme dispone la sección 9, nuevos incidentes en la contestación no excluyen a los demandantes ". . . . quien podrá, en la vista u otro procedimiento, aprovechar cualquier objeción válida en cuanto a la suficiencia de aquélla, o contrarrestarla con pruebas, ya por negativa directa o ya como medio de defensa", se desprende que debe fijarse otro día para el juicio, toda vez que sería imposible para los demandantes anticipar nuevos incidentes en la contestación y estar preparados para hacer frente a los mismos al momento en que el demandado comparezca; y que el contexto de la sección 10 al efecto de que las cuestiones que se desarrollen "deberán resolverse y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil," equivale a la disposición de que la audiencia debe ser señalada para un día posterior a aquel en que comparezca el querellado, toda vez que en casos civiles la causa nunca se juzga el mismo día en que se radica la contestación, puesto que las partes no estarían preparadas para hacer frente a las controversias así suscitadas.

La moción de reconsideración agrega poco al alegato radicado, en lo que a argumentos o cita de autoridades se refiere. Los apelantes se quejan principalmente de que la sentencia *per curiam* no era una respuesta suficiente a los argumentos contenidos en su alegato. En la sentencia se copian los señalamientos de error y los hechos esenciales. Cualquier discusión elaborada del *ratio decidendi* destruiría el fin de una sentencia *per curiam.*

Los apelantes también indican que se han emitido opiniones

en casos que no eran tan meritorios como el presente. Ello probablemente es cierto. Todo apelante que de buena fe somete en debida forma un alegato que no está del todo carente de mérito, tiene derecho a saber por qué sus argumentos no han tenido por resultado una revocación. Condiciones demasiado bien conocidas para que se narren nuevamente en esta opinión han hecho progresivamente difícil contestar en detalle los argumentos de un apelante en todo caso de menor importancia. Sin embargo, debido a la seriedad con que se ha presentado la moción de reconsideración, expondremos concisamente las razones que tuvimos para confirmar la sentencia.

Muy bien podría argüirse que las secciones 8, 9 y 10 deben ser interpretadas en armonía con la sección 4 y a la luz del hecho de que un procedimiento de *mandamus* es un procedimiento sumario especial y no una acción civil; que la sección 4, al exigir al querellado que "proceda . . . a exponer ante la corte de donde proceda dicho auto, en lugar y hora determinados", aparentemente tiene por miras una vista en lugar y hora determinados y que aunque la sección 8 permite al querellado que alegue las causas bajo juramento, ello no milita contra la idea de una vista en el lugar y hora determinados en el auto alternativo; que toda vez que la parte demandante puede solicitar un término para formular sus objeciones a la contestación o pedir la posposición del juicio, en caso de que sea necesario, la sección 9 no implica necesariamente que, en ausencia de una petición por cualquiera de las partes, el juicio deba ser señalado para un día posterior al especificado en el auto alternativo; que la sección 10 se refiere a la forma del juicio y no a la fecha del mismo, y que, en ausencia de objeción por cualquiera de las partes, los procedimientos deberán tramitarse "de la misma manera que si se tratase de una acción civil", durante la comparecencia del querellado o en cualquier momento después; y que si el demandante no comparece en el lugar y hora especificados en el auto alternativo, la corte puede, a instancia del deman-

dado, ordenar el archivo de los procedimientos conforme provee el inciso tercero del artículo 192 del Código de Enjuiciamiento Civil.

En *Zavala et al.* v. *Consejo Ejecutivo de Puerto Rico,* 9 D.P.R. 212, se dijo:

"El 29 de mayo, se expidió un auto de *mandamus* alternativo, que debía devolverse a este Tribunal el día 5 del siguiente mes de junio; y en ese día, así como en los siguientes, tuvieron lugar procedimientos en este asunto; se dictaron órdenes, se tomaron declaraciones de testigos, y se oyeron informes orales hasta el día 20 del presente mes de junio, en cuya fecha, el asunto quedó, por fin, terminado y sometido a este Tribunal, para su resolución."

Véase también *López* v. *Comisión de la Policía Insular,* 30 D.P.R. 806, y *Shibley* v. *Hart,* 110 Cal. App. 759.

Para los fines de esta opinión podría admitirse, sin resolverlo, que cuando un auto alternativo especifica el día en que deberá presentarse la contestación, sin indicar que el querellado deberá comparecer en corte abierta a determinada hora, la corte no debe proceder a celebrar una vista inmediatamente, en ausencia de cualquiera de las partes, siempre, por supuesto, que la parte querellada haya radicado su contestación. Ciertamente ésa sería la mejor práctica cuando, al igual que en el caso de *Pacheco et al.* v. *Cuevas Zequeira,* supra, se ordena al demandado "que en el término de diez días exprese las causas por las cuales no deba dictarse el auto de *mandamus.*" Por otra parte, nada hay en nuestro estatuto que prohiba que se fije el día señalado para expresar la causa como el día de la vista o que prohiba que se ventilen las controversias el día así señalado, a falta de objeción de cualquiera de las partes. Cuando, como en el presente caso, la orden para mostrar causa, no sólo especifica el día, sino también la hora en que el demandado debe comparecer e indica además la misma sala de sesiones como el lugar para tal comparecencia, la intención de la corte de fijar el día y la hora así especificados como el de la vista y como el día en que el demandado ha de radicar su contestación, es bastante clara.

Bajo tales circunstancias, la ordinaria prudencia sugeriría que el letrado de los demandantes se hallara presente en el lugar y a la hora especificados. Si la corte hubiese estado justificada en archivar el procedimiento a instancias de la querellada, basada en la no comparecencia de los peticionarios, entonces el error, de haberlo, al permitir al demandado que ofreciera prueba en ausencia de los demandantes, resulta no perjudicial. No estamos preparados para decir que la corte de distrito cometió error al desestimar el procedimiento.

■■■ De todos modos, no estamos convencidos de que cualquier error que la corte de distrito pueda haber cometido dé lugar a la revocación de la sentencia. Es un hecho admitido que la corte municipal había dictado su sentencia dos días antes de radicarse la petición de los demandantes solicitando la expedición de un auto de *mandamus*. No se pretende sostener que los demandantes irían a un juicio sobre los méritos en caso de que obtuvieran la revocación. Los apelantes, para demostrar prejuicio, insisten en la proposición de que si la corte de distrito hubiese pospuesto la vista o la hubiera señalado para una fecha futura, los demandantes mismos habrían tenido la oportunidad de obtener el archivo de la causa, de conformidad con el inciso primero del artículo 192 del Código de Enjuiciamiento Civil, y en esta forma hubiesen evadido el pronunciamiento de costas, gastos y honorarios de abogado. En apoyo de esta contención citan el caso de *Conde* v. *Rivera*, 43 D.P.R. 967. De esta opinión hacemos el siguiente extracto:

"La sentencia de la corte inferior fué innecesaria en cuanto al desistimiento, que debió ser registrado por el secretario dictándose sentencia de conformidad, y en cuanto a las costas la corte debió esperar para actuar a que el demandado ejercitara sus derechos. No debe concederse a una parte lo que no pide y en este caso el demandado, cuando se dictó la sentencia por la corte, no había practicado gestión alguna con respecto al cobro de costas. De acuerdo con las leyes de Puerto Rico la concesión de costas es una cuestión para ser decidida por la corte dentro de sus facultades discrecionales. Puesto

que el pago previo de las costas por el demandante se refiere a los derechos exigibles por la radicación de la solicitud de desistimiento y sentencia, natural es que las costas ocasionadas al demandado sean decretadas y estimadas por la corte a solicitud de la parte interesada. Entendemos que el procedimiento a seguir por el demandado de acuerdo con las leyes de Puerto Rico es solicitar de la corte que condene en costas al demandante y si obtiene una resolución favorable entonces debe esperar que sea firme la sentencia para presentar el memorándum de costas dentro del término que la ley exige.''

En el presente caso la súplica de la contestación de la demandada fué que se anulara el auto alternativo, se declarara sin lugar la solicitud de *mandamus* y se condenara a los demandantes al pago de las costas y honorarios de abogado. Si puede decirse o no que la demandada, a virtud de tal súplica, trató de obtener un ''remedio afirmativo'', dentro del significado del artículo 192 del Código de Enjuiciamiento Civil, interpretado en armonía con otras disposiciones de dicho cuerpo legal, tal cual ha sido enmendado hasta la fecha en lo relativo a costas, es cuestión que no es necesario resolver por ahora. Basta decir que el caso de *Conde* v. *Rivera,* supra, no decide que un demandante, en un caso de esta índole, puede evadir el pago de costas, incluyendo honorarios de abogado, con el simple desistimiento del procedimiento, después de radicada la contestación del demandado y antes de celebrarse el juicio de las cuestiones así planteadas. Véase, sin embargo, *McEvoy* v. *Nadal, et al.,* 34 D.P.R. 634; 15 C. J. 68, sección 118, y casos citados.

El hecho de que el letrado de los demandantes no residiera dentro del distrito puede o no ser una circunstancia mitigadora a ser considerada en relación con la cuestión de si a la demandada debe concedérsele total o sólo parcialmente el valor razonable de los servicios prestádosle por su abogado. No bastaba para exonerar a los demandantes de toda responsabilidad por haber dejado de determinar, antes de radicar su solicitud de *mandamus* o más de un mes más tarde de haber el juez municipal dictado la sentencia en cuestión. Lo mismo podría decirse de otros hechos que se aducen en el

alegato de los apelantes, pero que no aparecen en autos, siempre que éstos sean establecidos en el memorándum de costas que se presente. Parece superfluo decir que hechos que no estuvieron ante la corte de distrito no ofrecen base satisfactoria para la revocación de la sentencia apelada en la teoría de que se cometió abuso de discreción al conceder las costas.

No hallamos abuso de discreción en la concesión de las mismas.

*Debe declararse sin lugar la moción de reconsideración.*