DOLORES A. MCCORMICK, demandante y apelada, *v.* MANUEL GONZÁLEZ MARTÍNEZ; JOSEFINA FABIÁN DE LOZANA; JOSEFINA B. MACÍAS VDA. DE RIERA, EULOGIO DIMAS, JOSEFINA DOLORES, ALFONSO RAFAEL, ANTONIO, LUZ MARÍA y LUCÍA MERCEDES RIERA Y BENGOECHEA, demandados y apelantes los últimos.

Núm. 7485.—*Sometido:* Febrero 4, 1938.  *Resuelto:* Marzo 31, 1938.

*D. Pellón, Jr.,* abogado de los apelantes Sres. Viuda de Riera y Riera Bengoechea; *Carlos J. Torres,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La sentencia dictada por la corte de distrito en este pleito fué revocada por esta Corte Suprema en enero 27, 1936. *McCormick* v. *González Martínez,* 49 D.P.R. 473.

Devuelto el caso a la corte de distrito de su origen, se radicó una segunda demanda enmendada de acuerdo con los términos de la sentencia de este tribunal. Algunos meses después, en diciembre 3, 1936, la demandante presentó una moción sobre eliminación de partes demandadas en la que alegó "que después de estudiar atentamente todos los elementos de prueba de que dispone para sostener su causa de acción, ha llegado al convencimiento de no ser demostrativos de las alegaciones que directa e individualmente se refieren y afectan a los demandados, doña Josefina B. Macías Viuda de Riera y herederos de don José D. Riera."

Pidió en tal virtud que se le permitiera presentar una tercera demanda enmendada eliminando a dichos demandados. Éstos, por su abogado, mostraron su conformidad con la eliminación, que fué decretada por la corte "sin especial condenación de costas." No estuvieron entonces conformes con el pronunciamiento sobre costas y presentaron a la corte una moción de reconsideración que termina como sigue:

"Que esta parte sostiene que dicha moción en sí es una de desistimiento voluntario de la demandante en cuanto a los comparecientes se refiere, y así lo entendió la corte al admitir la eliminación de éstos, desistimiento que esta parte aceptó y acepta.

"Que de acuerdo con el inciso primero del Artículo 192 del Código de Enjuiciamiento Civil de Puerto Rico, cuando una parte desiste de una acción lo hace previo pago de las costas del pleito.

"Por todo lo que, esta parte solicita de esta Hon. Corte que en vista de los preceptos legales antes citados y los méritos de este caso dicte una orden reconsiderando la dictada con fecha 4 de diciembre

de 1936, en el sentido de imponerle las costas a la demandante, dejando subsistente dicha orden en cuanto a los demás pronunciamientos se refieren.''

A la moción de reconsideración se opuso la demandante. Oyó la corte a ambas partes y reconsideró su resolución dictando sentencia ''imponiendo las costas a la demandante.''

Los demandados eliminados apelaron para ante este tribunal. Señalan en su alegato dos errores. Por el primero sostienen que erró la corte al no consignar expresamente en su sentencia que imponía el pago de honorarios de abogado a la demandante, debiendo corregirse en tal sentido la sentencia, y por el segundo que si la intención de la corte fué no imponer el pago de dichos honorarios, entonces abusó de su discreción y su sentencia debe revocarse en cuanto al pronunciamiento sobre costas que deberá decretarse con imposición del pago de honorarios de abogado.

█ Dictada la sentencia recurrida en diciembre 28, 1936, lo fué cuando estaba ya en todo su vigor la nueva ley sobre costas, o sea la núm. 69 de 1936, aprobada en mayo 11 de ese año, para comenzar a regir noventa días después. Leyes de 1936, pág. 353.

De acuerdo con los términos expresos de dicha ley una condena de costas comprende los siguientes desembolsos:

'' '(1) Cualquier cantidad pagada al secretario de la corte o a cualquier márshal de distrito;

'' '(2) Lo desembolsado por copias auténticas de escrituras, y certificaciones del registro de la propiedad o de cualquiera otros records oficiales, que hayan sido admitidos en evidencia;

'' '(3) Dos (2) dólares por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia;

'' '(4) Lo pagado al taquígrafo de la corte para transcripción de cualquiera prueba testifical o procedimiento habidos en corte abierta, si dicha transcripción es ordenada por la corte;

'' '(5) Cinco (5) dólares como honorarios de notario y justo valor del trabajo taquigráfico en la toma de cualquier deposición que fuera admitida en evidencia; y

" "(6) Cualquier otro desembolso necesariamente hecho con relación a la tramitación del caso, que la corte crea propio, y que estuviere sujeto a arancel.' "

Con respecto al pago de los honorarios, dice la ley:

" 'En caso de cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte.' "

De suerte que necesitándose como se necesita un pronunciamiento expreso, no cabe interpretar la sentencia apelada como condenando implícitamente al pago de honorarios. Ésa hubiera sido la recta interpretación de un pronunciamiento general sobre pago de costas de acuerdo con la ley anterior y la jurisprudencia de esta corte interpretativa de la misma, pero no la es a partir de la vigencia de la citada Ley núm. 69 de 1936.

¿Abusó la corte de su discreción? A nuestro juicio no se ha demostrado. La propia parte apelante no está en condiciones de quejarse del pronunciamiento de la corte porque ésta no hizo otra cosa que concederle lo que ella misma le pidió en su moción de reconsideración.

Además, se trata de una sentencia por desistimiento y esta corte en el caso de *Sucesión Ramos Latour* v. *Rivera*, 41 D.P.R. 286, 287, resolvió:

"De acuerdo con el artículo 192 del Código de Enjuiciamiento Civil cuando un demandante desiste de un caso y conviene en pagar las costas, no consiente en pagar los honorarios de abogado, y si la corte le impone las costas sin excluir tales honorarios, o en otras palabras, si no limita las costas a las que se originen en la secretaría, tal demandante tiene derecho a apelar de la sentencia fijando las costas en esta forma ilimitada. . . ."

La decisión en el caso de *Sucesión Ramos Latour* v. *Rivera*, supra, se dictó antes de regir la repetida ley núm. 69 de 1936. A partir de la vigencia de esa ley, la "imposición de las cos-

tas'' dejó de ser ilimitada. De ahí que no tenga ya la parte condenada en tal forma que apelar a los efectos de que se limite la condena excluyendo de ella expresamente los honorarios de abogado. La decisión se ha citado a los efectos de fijar el alcance que tenían y tienen las palabras ''previo pago de costas'' usadas en el número primero del artículo 192 del Código de Enjuiciamiento Civil que autoriza al demandante a desistir de su demanda de acuerdo con las reglas que establece.

*Debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.