[Civ. No. 9911. Second Appellate District, Division Two.—October 20, 1934.]

WILSON CHAPMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Lynden Bowring for Petitioner.

Everett W. Mattoon, County Counsel, Beach Vasey, Deputy County Counsel, Neil S. McCarthy, Earl L. Banta, Hawkins & Hawkins and E. A. Hawkins for Respondent.

STEPHENS, P. J.—The petitioner having proceeded to trial upon the contest of a will, in which proceeding he was the contestant, after examination of two witnesses, declined to proceed and orally moved for a dismissal without prejudice. The court denied the motion and proceeded with the case and thereafter ordered the will admitted to probate. A writ of prohibition was thereupon sought to restrain further proceedings and to require the superior court to grant such motion.

Relief is sought by this petition to avoid delay through appeal.

Section 581 of the Code of Civil Procedure provides that an action *may be* dismissed (1) by written request of the plaintiff to the clerk, (2) by written consent of the parties (in either case bearing written consent of counsel), (3) by the court when either party fails to appear on the trial, (4) by the court if abandoned by the plaintiff before submission, or (5) by the court upon motion of the defendant.

The real issue here is the jurisdiction of the trial court to deny petitioner's motion to dismiss. If it had such jurisdiction, however erroneous its decision may have been, prohibition is not available, but the remedy by appeal must suffice the aggrieved party. That such jurisdiction existed has been held in *Huntington Park Imp. Co.* v. *Superior Court,* (*certiorari*) 17 Cal. App. 692 [121 Pac. 701], and in *Boca & Loyalton R. Co.* v. *Superior Court,* 150 Cal. 153 [88 Pac. 718]. Quoting from the first case just mentioned: "While plaintiff had an absolute right to dismiss the action, such right could be exercised only in the mode or manner

prescribed by the statute; in other words the right is measured by the mode provided for its exercise. When, instead of pursuing the statutory mode, it, by motion made in open court, invoked the inherent power of the court in the exercise of which it was asked to make an order dismissing the case, the making of an order either granting or denying the motion was within the exercise of the jurisdiction of the court.''

The alternative writ of prohibition is discharged and a peremptory writ is denied.

Desmond, J., and Scott, J., *pro tem.*, concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.