[Civ. No. 15910. Second Dist., Div. Three. May 4, 1948.]

BRADFORD LYLE BROADWELL, a Minor, etc., et al., Appellants, v. CLAUDE L. RYERSON et al., Respondents.

Russell H. Pray, Wm. C. Price and Delmar W. Doddridge for Appellants.

Joseph A. Ball and Clarence S. Hunt for Respondents.

SHINN, Acting P. J.—This is an action brought by the guardian *ad litem* of a minor, to be referred to herein as plaintiff, against Claude L. Ryerson, to recover damages for injuries suffered when he came into contact with the Ryerson car at 4th and Pine Streets in the city of Long Beach. Plaintiff had proceeded south on the west side of Pine and was struck in the intersection of Pine and 4th Streets. Defendant was driving west on 4th Street. Defendant's answer denied negligence and alleged contributory negligence of plaintiff as a defense. In a jury trial, verdict and judgment were for the defendant.

Plaintiff had subpoenaed as a witness one Jessie F. Westergard; she failed to appear when the trial commenced on Thursday, August 22, 1946; the case was on trial throughout that day, four witnesses testified for plaintiff and the trial was continued to the following morning. Upon the opening of the morning session on Friday, plaintiff's counsel made a motion for a continuance of the trial until the following week. As ground for the continuance it was stated that the witness had been subpoenaed on August 5, had requested that she be excused, that her request had been denied on at least three different occasions, that she had left the city on her vacation and thereafter caused to be conveyed to plaintiff's attorneys her promise to return on 24 hours' notice, that she had been called by telephone immediately when counsel knew the trial was to proceed, that an attempt had been made to reach her that morning by telephone at her home, her place of employment, and at a vacation resort which was within 8 hours' driving time from the court. It was stated positively by counsel that the witness had not been excused. Nevertheless, the court stated: "I think the effect of that was to excuse her and the motion for continuance will be denied inasmuch as it would cause the Court to be impotent for the period of one year—— MR. PRICE: In that event, your Honor, we will dismiss on behalf of the plaintiff. THE COURT: You make a motion to dismiss? MR. PRICE: Make a motion to dismiss at this time. THE COURT: Is there any objection to that?" There was an objection on the ground that defendant had a witness present

from outside the state and the court then stated: "I am sorry but your motion to dismiss will be denied. . . . I do not think you have a dismissal available to you after you have started the trial. MR. PRICE: Your Honor, under Subdivision 4, I think the case should be dismissed, that's our situation. We have abandoned it. THE COURT: That has already been denied by the Court, and you haven't abandoned it, you have simply made a motion to dismiss. MR. PRICE: All right, we will do that. On behalf of the plaintiff then we will abandon. THE COURT: Proceed with your trial, Mr. Hunt. Go ahead. Call the jury. Let the record show that the jurors are in their places. Proceed with your case. Mr. Price, do you desire to rest or proceed with your case? MR. PRICE: No, your Honor, we do not rest. At this time we move to dismiss on behalf of the plaintiffs. THE COURT: You have already moved to dismiss and it has been denied. You may proceed. MR. PRICE: And under Section 4, Subdivision 4—— THE COURT: Please —please do not continue with that matter. You can proceed with your case, or you can rest, whatever you desire to do. I will hear additional evidence." Plaintiff's attorney thereafter made a further motion to dismiss on account of the absence of the witness, was admonished by the court not to mention the witness before the jury, and the jury were instructed to disregard the statement. Plaintiff called the name of the absent witness and there being no response, the court said: "Call another witness. Call another witness, let us not have any difficulty." Counsel then asked to abandon the case and the court refused to hear any argument and refused to allow counsel to approach the bench as requested by plaintiff's attorney. The defendant took the stand to testify in his own behalf but before he had given his testimony, plaintiff's attorney stated that he had been advised by telephone that the missing witness was on the way to court, and the court stated: "If she returns or if she arrives some time during the time that this case is on trial, you will be permitted to put the witness on the witness stand." On August 23, the witness not having appeared, plaintiff's attorney asked that a bench warrant be issued for the witness, which was refused, the court stating, in part: "Where a subpoena has been issued and the witness fails to appear under these circumstances—where a person calls a witness and then makes arrangements for the witness to answer on so many hours' notice—that settles it and I would not have jurisdiction. The motion will be denied." And counsel stated: "I do not wish to argue the motion, your Honor, after

the ruling of the Court, but for the purpose of the record I would like to state that never at any time—and I will make an affidavit to this—never at any time did we tell the witness or her representative that she could go. That was the representative's statement to us, that she would go, and we at that time stated to him that she should come in and be here at the time of the trial. At no time did I ever give her permission to go away or to return on 24 hours' notice or any other permission, other than to be here at the beginning of the trial on August 22. The Court: The same ruling.'' The evidence was thereupon closed, the attorney for plaintiff and the attorney for defendant addressed the jury in argument and the case was adjourned until the following morning when the following occurred: ''Mr. Price: Your Honor, at this time I would like permission to reopen briefly to put on one witness, Mrs. Westergard. The Court: You have rested, Mr. Price, and you have argued to the jury and it is too late at this time to reopen the case.''

Plaintiff made a motion for new trial, supported by affidavits. Mr. Price made affidavit that after Mrs. Westergard had been subpoenaed he had a call from a Mr. Fraser, of the office of an oil company where Mr. Westergard worked, stating that Mr. Westergard would be on vacation on August 22, and that Mrs. Westergard desired to be excused from attendance, that the affiant refused to excuse her; that affiant, a few days later, called Mr. Fraser and advised him that it would be impossible to excuse Mrs. Westergard, and that on August 20 Mr. Fraser called the affiant and told him that the Westergards were at June Lake on their vacation and that upon one day's notice Mrs. Westergard would appear as a witness, that Mrs. Westergard was contacted by telephone and she was told to be in court at the very latest at 10 a. m. August 23. It was further stated in the affidavit that Mrs. Westergard was a witness to the accident and that her testimony was essential to a fair determination of the case. Mrs. Westergard made affidavit, that she was on the scene when plaintiff was injured, that she was among those who started to cross the intersection of Pine and 4th Streets, that the crowd started to cross 4th Street when the signal turned to ''Go,'' and that the boy was struck at a point which would be in the crosswalk across 4th, at the west side of Pine. She stated that she had been served with a subpoena on August 5, that when she went to June Lodge she believed that her husband had made an arrange-

ment through his attorney, a Mr. Fraser, that she would not have to appear at 10 o'clock, August 22, but that shortly after that hour she was called by Russell H. Pray, on behalf of plaintiff, and requested to appear immediately; that she thereupon endeavored to return to Long Beach by plane; that planes in the local air service had been grounded by a storm, and she and her husband then drove to Reno, Nevada, in order to get a plane to Long Beach, but found that she would be routed through San Francisco and would not reach Long Beach in time to attend the trial on August 23d, although she was willing and anxious to do so. An affidavit was filed by Mr. Fraser in which he stated that in his conversations with plaintiff's attorneys, they had not excused Mrs. Westergard from attendance and that he, Fraser, made the arrangement with Mr. Westergard for the appearance of Mrs. Westergard at the trial, upon 24 hours' notice. Another affidavit was filed by Mr. Price, stating that immediately upon learning that the case would go to trial on August 22, a telephone call was put in for Mrs. Westergard who was reached at approximately 10:30 a. m., and that she advised Mr. Price that she would leave immediately for Long Beach and would be ready to attend court the following day. It was further stated that plaintiff went to trial in the belief that the witness would attend court not later than the morning of August 23d.

No affirmative relief was sought by defendant and therefore plaintiff insists that he had an absolute right to dismiss the action by motion in open court, as well as by written request to the clerk. It is settled that a dismissal by the clerk is mandatory and that the jurisdiction of the court is ended upon the filing of a request under the conditions specified in subdivision 1 of section 581, Code of Civil Procedure. It is plaintiff's contention that under similar conditions a motion made in open court deprives the court of jurisdiction to do otherwise than dismiss the action. This would be true if the court has no discretion in the matter. Defendant replies that although plaintiff had the right, prior to the 1947 amendment of section 581, to dismiss the action by filing a written dismissal with the clerk, it was discretionary with the court to grant or deny the motion made in open court. We agree with defendant on this point. It is not true that the court must grant the motion; it may in its discretion either grant or deny it. Denial of the motion raises the question of the proper exercise of discretion and not the question of jurisdiction. (*Boca etc. R. R. Co.* v. *Superior Court,*

150 Cal. 153 [88 P. 718]; *Huntington Park Co.* v. *Superior Court*, 17 Cal.App. 692 [121 P. 701]; *Chapman* v. *Superior Court*, 1 Cal.App.2d 512 [36 P.2d 1093].)

 Plaintiff's alternative contention that it was an abuse of discretion to deny the motion is well founded. From the record, as above quoted, we readily conclude that the motion to dismiss should have been granted. A material witness had been placed under subpoena and plaintiff's attorneys had denied several requests that she be excused from appearance on August 22. She left Long Beach without either the express or implied consent of the attorneys. After she had departed she caused plaintiff to be notified, by her husband's attorney, that she would appear as a witness upon 24 hours' notice. When it became certain that the case would go to trial August 22, she was promptly contacted and promised in good faith that she would appear the following morning. These matters were before the court during the trial. It was made to appear, later, by affidavit of Mrs. Westergard, that she made the mistake of endeavoring to return by plane, instead of by automobile, and was unable to make connections in time. The facts of the situation as they were presented during the trial afforded no basis for the conclusion persisted in by the court that plaintiff's attorneys had excused the witness. The facts were directly to the contrary. The court's statement that to grant the motion, which was for a continuance from Friday morning until Monday, "would cause the court to be impotent for the period of one year," is something we cannot fathom. If it was meant that any continuance granted would have to be for a period of not less than one year, we still would be unable to reconcile such a procedural oddity with our conception of the duty of a trial court to so adjust its procedure in emergencies that litigants will not be unnecessarily deprived of substantial rights. Where the enjoyment of substantial rights of a litigant conflicts with the mere convenience of the court, the rights should not be forfeited in order that the court be not discommoded. If the request had been granted the trial would thereby have been postponed but a single day. With the courts overflowing with work, a trial judge with an open day on his calendar, and who wished to employ it to advantage, should not find it necessary to remain idle. Plaintiff's attorneys were not to blame for the unfortunate situation. The blame rested entirely upon the witness. When it appeared that it was un-

likely that she could be produced on Friday, either the motion for continuance or the motion to dismiss should have been granted. Plaintiff had an absolute right and the power to dismiss the action by filing a request with the clerk, but made the mistake of assuming that the court would grant his motion. He had a right to indulge in this assumption. We cannot understand why the court would deny such a motion, in circumstances which allowed plaintiff's counsel to dismiss the action by the simple expedient of handing to the clerk a written request for dismissal. In the difficulties of the situation, this available procedure evidently was overlooked, and we overlook the omission, since it is the mistakes of the court and not the mistakes of counsel that are under review.

It is unnecessary to discuss the court's refusal to issue a bench warrant for the witness or its refusal to reopen the case for the receipt of the testimony of the witness, Westergard, when she appeared. These situations would not have arisen if the motion to dismiss had been granted. They are of interest only as illustrating the persistent and good faith, although futile, efforts of plaintiff's attorneys to present their case properly.

The judgment is reversed.

Wood, J., and Vallée, J. pro tem., concurred.