[S. F. No. 2959. In Bank.—June 13, 1902.]

## IDA W. HOPKINS, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

DISMISSAL OF ACTION—CLERK'S FEE—ILLEGAL ORDER FOR PAYMENT OF COSTS—ORDER FOR RETRIAL—WRIT OF PROHIBITION.—The plaintiff in an action where the answer seeks no affirmative relief has an unqualified right to dismiss the action upon tender of the clerk's fee for entering the dismissal; and the court has no jurisdiction to order the clerk not to enter the dismissal until the plaintiff shall pay the costs of the defendant, and to order the case reset for trial upon refusal of the plaintiff to comply with such illegal condition; and a writ of prohibition will lie to prevent such illegal action of the court.

ID.—COSTS FOLLOWING DISMISSAL—PREREQUISITE.—Costs which follow the dismissal cannot be made a prerequisite condition of the entry of dismissal.

ID.—JUDGMENT OF DISMISSAL NOT REQUIRED—ENTRY IN CLERK'S REGISTER.—Under the amended section 581 of the Code of Civil Procedure the entry of a judgment of dismissal is not required, and it is sufficient that the dismissal be entered in the clerk's register.

APPLICATION for writ of prohibition to restrain the action of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Hart H. North, and A. W. North, for Petitioner.

Walter H. Linforth, for Respondent.

HENSHAW, J.—The petitioner brought her action for divorce. The defendant answered by denials, without seeking affirmative relief. Thereafter petitioner filed a proper notice of dismissal of her action with the clerk of the court, and entered in a book kept for that purpose by the county clerk of the city and county of San Francisco a direction to the county clerk to enter an order of dismissal. The clerk refused to do so, basing his action upon an order of the superior court directing that all proceedings in relation to the dismissal be stayed, unless the plaintiff, within five days after

a copy of the order, pay to defendant the amount of his costs, and if plaintiff failed to make such payment, then the attempted dismissal of the action to be annulled and set aside, and the cause placed upon the calendar for trial. Plaintiff, before the court, objected to this order, refused compliance with it, and objected to the further order of the court staying the entry of the order and setting the action for trial. Plaintiff had paid the costs of entering the judgment, but the costs which the court insisted she should pay, as a prerequisite to her right to the entry of the order of dismissal, were the costs embraced in the cost bill filed by the defendant. Petitioner, therefore, has sued out her alternative writ for prohibition to restrain the court from proceeding further in the matter.

The only costs which a plaintiff is required to pay before dismissal of his action are the clerk's costs for entering the order. Subdivision 1 of section 581 of the Code of Civil Procedure is so interpreted in *Todhunter* v. *Klemmer*, 134 Cal. 60. In *Page* v. *Superior Court*, 76 Cal. 372, it is said: "The direction to enter a judgment in the judgment-book is mandatory, because it imposes a public duty upon a ministerial officer. In a proper case, *if the clerk's fee is paid*, he will, on motion either of the plaintiff or defendant, be compelled by the superior court to enter a judgment of dismissal or nonsuit. The court will not require of the party interested to resort to *mandamus*." Again, in the same case, it is said: "After making the entry in his register, the clerk may justify a refusal to enter a judgment if he had no power to enter the dismissal in his register, or if, on demand, *his fee for entering the judgment has not been paid*." In *Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637, which case arose under provisions of the Practice Act regarding dismissals to the effect "that the plaintiff may at any time before trial, upon the payment of costs," take a nonsuit, it is said: "We do not understand that the plaintiff is bound to tender the costs before being entitled to be nonsuited; for the costs cannot be at the moment known or computed. But this proviso was only meant to declare that the effect of the nonsuit is to subject him to costs." So here, whatever may be the rights of the defendant to recover his costs upon plaintiff's dismissal of the action, that right arises only after dismissal, and the pre-

payment of defendant's costs, under all of the decisions, is not a prerequisite to the exercise of plaintiff's right. The clerk is not charged with the judicial functions of taxing costs and settling a cost bill. He cannot say what costs of the defendant the plaintiff is under obligation to pay. The utmost of a defendant's right under the circumstances is to present his cost bill in due time after dismissal, to have it settled, and take judgment for his costs against plaintiff accordingly.

It appears, therefore, that plaintiff had done everything that the statute required, and stood entitled, as an absolute right, to have her order of dismissal entered. In this she was prevented by the order of the court directing the clerk to refuse to enter the order until plaintiff had complied with an illegal condition. As is said in *Page* v. *Superior Court,* above quoted, in a proper case, if his fee is paid, the clerk will, on motion, be compelled by the court to enter a judgment of dismissal or nonsuit, and the court will not require the party interested to resort to *mandamus.* Here the plaintiff applied to the court, in furtherance of her right thus clearly pointed out, and the court not only refused her the right, but imposed upon her an illegal condition as the price of her order of dismissal. This the court had no right to do. Its sole power and its sole jurisdiction under the circumstances indicated was to have ordered the proper entry of dismissal in the register. Its refusal to do this, and its subsequent order setting the case for trial, were unwarranted and in excess of its jurisdiction. Against this it is urged that in *Page* v. *Superior Court* it was decided that the action was still pending until judgment of dismissal was "entered accordingly." At the time of the decision in the Page case the statute declared (Code Civ. Proc., sec. 581) an action may be dismissed . . . in the following cases: "By the plaintiff himself at any time before trial upon payment of costs. . . . The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register; judgment may thereupon be entered accordingly." In the Page case, though the order of dismissal had been given and the entry in the clerk's register made, the judgment had not been actually entered, and the ruling in *Page* v. *Superior Court* is based wholly upon this omission. Subsequently, the legislature, with design,

amended this section by eliminating the provision "that judgment may thereupon be entered accordingly," so that it now reads, and read at the time this question arose: "The dismissals mentioned in subdivisions 1 and 2 hereof are made by entry in the clerk's register." Even under the law as it stood when *Page* v. *Superior Court* was decided, a different construction had been put upon the section by this court in *Thompson* v. *Spraig,* 66 Cal. 350, where, as appears by the opinion and by the record of the case, no judgment of dismissal had been entered, but an entry of dismissal only had been made in the clerk's register. A trial was had, judgment rendered for defendant, and plaintiffs subsequently moved to vacate and set aside the judgment upon the ground the action had been dismissed. Upon the court's refusal they appealed, and this court said: "The plaintiffs were therefore at liberty to dismiss the action at any time before trial upon the payment of costs (Code Civ. Proc., sec. 581). This they did,—the dismissal having been entered by the clerk. The purported trial of the 5th of November, 1883, was therefore of an action which had been previously dismissed." But aside from this consideration, we think the change in the statute was designed to be, and is in fact, a substantial change. No judgment is any longer required to be entered. The mere entry of the order upon the clerk's register of actions is sufficient, and, as was said in effect in *Page* v. *Superior Court,* above quoted, the only jurisdiction left in the court upon this showing was the jurisdiction to order the clerk to make the proper entry. (*Kaufman* v. *Superior Court,* 115 Cal. 152.) The plaintiff, under the circumstances, has no other plain, speedy, or adequate remedy than the one she here seeks. She would otherwise be obliged, submitting to the order, to undergo a trial of the action, which, within her rights, she has caused to be dismissed.

Let the writ issue as prayed for.

Beatty, C. J., Van Dyke, J., and McFarland, J., concurred.