[Civ. No. 1055. Second Appellate District.—December 21, 1911.]

HUNTINGTON PARK IMPROVEMENT COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY and GAVIN W. CRAIG, Judge Thereof, Respondent.

Dismissal of Action—Order Denying Motion in Court—Absence of Affirmative Relief for Defendant—Jurisdiction—Certiorari.— A motion in open court to dismiss an action in which no affirmative relief is demanded by the defendant invokes the inherent power of the court, and an order denying such motion was an exercise of the jurisdiction of the court, and left the case pending, and subject to its jurisdiction to try the case and render judgment therein, and if the order denying the motion to dismiss was not justified by the facts, it merely constituted an error in the exercise of jurisdiction which cannot be reviewed or annulled upon *certiorari.*

Id.—Right of Plaintiff to Dismiss—Mode Provided the Measure of Power.—Under subdivision 1 of section 581 of the Code of Civil Procedure, the plaintiff, where no affirmative relief is demanded by the defendant, may himself dismiss the action by filing with the clerk a written request therefor, the effect of which act on his part is, *ipso facto*, to dismiss the case, even though the clerk fails to make entry thereof in the register. While the plaintiff had thus an inherent and absolute right to dismiss the action, yet such right could be exercised only in the mode or manner prescribed by the statute, and is measured by the mode provided for its exercise.

Id.—Remedy for Order—Absence of Remedy Essential to Writ of Review—Motion to Vacate Judgment for Error Affecting Jurisdiction—Order Appealable.—The absence of a remedy by appeal, or by any other plain, speedy and adequate remedy, is essential to the office of a writ of review. Though no direct appeal lies from an order refusing a motion to dismiss the action, and assuming, without deciding, that the order cannot be reviewed on appeal from the judgment, nevertheless there is a plain, speedy and adequate remedy by means of a motion to vacate the judgment rendered after trial, for error affecting the jurisdiction, for want of facts to support such order, and the order made upon such motion is appealable and reviewable upon a bill of exceptions as an order made after judgment.

Id.—Judgment After Trial not Assailable by Evidence Dehors Record to Support Writ of Review.—In no event can the record of the superior court, as a court of general jurisdiction, showing a judgment duly rendered upon trial, be contradicted by evidence *dehors* the record, to support a writ of review, whether such evidence be controverted or the truth thereof admitted.

PETITION for writ of review to annul an order of the Superior Court of Los Angeles County. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Fred N. Arnoldy, and Walter L. Bowers, for Petitioner.

J. A. Gibson, and Gibson, Dunn & Crutcher, for Respondents.

SHAW, J.—*Certiorari.*  The record transmitted in obedience to the writ issued shows that a certain action brought in the superior court of Los Angeles county, wherein petitioner was plaintiff and the Park Land Company was defendant, was duly and regularly tried, findings of fact made and judgment rendered for defendant. Petitioner asks that such acts be declared null and void, claiming that the action of the court was in excess of its jurisdiction, for the reason that prior to entering upon the trial thereof, there being no affirmative relief demanded by defendant, petitioner, who was plaintiff in the action, moved the court for a dismissal of the same, which motion was by the court denied. There is nothing whatever in the record showing the making of such motion or ruling. Indeed, petitioner does not claim that such facts are shown by the record. In lieu of such absent record, it presents a transcript of a colloquy occurring at the time between the court and counsel for the respective parties, which it is claimed shows the making of the motion and the adverse ruling had thereon. At the hearing in this court counsel for respondents admitted the correctness of this transcript, but insisted that it did not appear therefrom that such alleged motion was made or ruling had thereon; and, further, since the record disclosed that the court had jurisdiction to try the case, such fact could not be contradicted by evidence *dehors* the record, and hence the matter was not a subject of review upon *certiorari.*

Accepting the record as showing that no affirmative relief was asked by defendant, and conceding that the transcript shows that the motion to dismiss was made in open court and

by the court denied, we are, nevertheless, of the opinion that petitioner is not entitled to the writ applied for.

1. If the motion was denied, the case was not dismissed, but pending, and therefore subject to the jurisdiction of the court. It is true that under subdivision 1 of section 581, Code of Civil Procedure, the plaintiff, where no affirmative relief is demanded, may himself dismiss the action by filing with the clerk a written request therefor. The effect of such act on his part is, *ipso facto*, to dismiss the case, even though the clerk fails to make entry thereof in the register. In such case, prohibition will lie to restrain the court from proceeding with the trial, for the reason that the court has been ousted of jurisdiction by the act alone of plaintiff. (*Hopkins* v. *Superior Court*, 136 Cal. 552, [69 Pac. 299]; *Kaufman* v. *Superior Court*, 115 Cal. 152, [46 Pac. 904].) While plaintiff had an absolute right to dismiss the action, such right could be exercised only in the mode or manner prescribed by the statute; in other words, the right is measured by the mode provided for its exercise. When, instead of pursuing the statutory mode, it, by motion made in open court, invoked the inherent power of the court in the exercise of which it was asked to make an order dismissing the case, the making of an order either granting or denying the motion was within the exercise of the jurisdiction of the court. That the court may order a dismissal, upon application made in open court by plaintiff, is upheld in *Richards & Knox* v. *Bradley*, 129 Cal. 670, [62 Pac. 316], and *McDonald* v. *California Timber Co.*, 2 Cal. App. 165, [83 Pac. 172], which cases also constitute authority sustaining the right of appeal from an order of dismissal. If, however, the power so to do be a matter of absolute right when exercised in other than the statutory mode, such order is wholly unnecessary, for it is not a right the exercise of which depends upon an order of court, but solely upon the act of plaintiff in making the motion. It, therefore, follows, we think, that the order, if made, denying the motion was one made within the jurisdiction of the court, and hence, if not justified by the facts, constitutes an error to be otherwise reviewed than in a proceeding of this character.

2. The office of the writ of review extends only to those cases where "an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tri-

bunal, board, or officer, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy." (Code Civ. Proc., sec. 1068.) No appeal lies from an order dismissing or refusing to dismiss an action (Code Civ. Proc., sec. 956), and petitioner, upon authority of *Garthwaite* v. *Bank of Tulare,* 134 Cal. 237, [66 Pac. 326], claims that the order refusing to dismiss cannot be reviewed upon an appeal from the judgment. In that case a motion was made by defendant to dismiss the case for want of prosecution, which motion was denied. Upon trial judgment went for plaintiff. With reference to this order, which was one of the errors relied upon for a reversal of the judgment on an appeal by defendant, the court said: "This court can review only an intermediate order or decision which involves the merits or affects the judgment. The decision on the motion did not involve the merits of the action, nor did it necessarily affect the judgment thereafter rendered." The sentence last quoted was not necessary to a decision of the case, the court having held the alleged error was not prejudicial to the substantial rights of defendant so appealing. We are unwilling to accept this case as an authority in support of the proposition that a judgment on the merits rendered against a plaintiff, after an erroneous order denying his motion to dismiss the action, is not affected by the making of such erroneous order. It would seem clear in this case that the granting of the motion to dismiss would have prevented the rendition of the judgment on the merits which followed the order denying such motion. In our opinion, the order did affect the judgment rendered, since, had the motion been granted, the judgment could not have been rendered.

3. Assuming, as claimed by petitioner upon the strength of the Garthwaite case, that the order cannot be reviewed on appeal from the judgment, nevertheless, there existed a plain, speedy and adequate remedy by means of a motion to set aside and vacate the judgment upon the ground of want of jurisdiction, in support of which the facts which it is claimed ousted the court of jurisdiction could have been presented, and upon the making of an order upon such motion either party could have appealed therefrom, as from an order made after judgment, upon a bill of exceptions embodying the facts upon which the ruling of the court was based, thus presenting

the question for consideration upon a duly authenticated record.

4. In no event can the record of a court of general jurisdiction showing a judgment duly rendered upon trial be contradicted by evidence *dehors* the record, whether such evidence be controverted or the truth thereof admitted. It follows that the writ must be dismissed, and it is so ordered.

Allen, P. J., and James, J., concurred in the judgment.