[S. F. No. 12248. Department Two.—August 21, 1928.]

SACRAMENTO TRANSPORTATION COMPANY (a Corporation), Respondent, v. CALIFORNIA RECLAMATION COMPANY (a Corporation), Appellant.

Irving H. Frank, Nathan H. Frank and Keith Ferguson for Appellant.

Andros, Hengstler & Dorr for Respondent.

RICHARDS, J.—█ This appeal is from an order of the superior court of the city and county of San Francisco granting the motion of the plaintiff and cross-defendant to set aside an order of said court entering the default of said plaintiff and cross-defendant for failure to answer the cross-complaint, and from the further order of said court dismissing the action on the ground of failure on the part of the plaintiff to bring the same to trial within five years from the time the answer and cross-complaint were filed. The complaint herein was filed in the superior court of the county of Sacramento on January 14, 1910, and on February 15, 1910, the plaintiff filed an amended complaint, wherein it was alleged that the defendant was indebted to it for work, labor, and material of the reasonable value of

$1,989.43. Thereafter, and on March 17, 1910, the defendant filed a general demurrer to the complaint and a motion for a change of place of trial to the city and county of San Francisco, which latter motion was granted. Thereafter, and on August 31, 1915, the defendant's demurrer was overruled, and on October 11, 1915, the latter filed its answer and also filed what it denominated as both a counterclaim and a cross-complaint, but which in reality was only a counterclaim. (Code Civ. Proc., sec. 437; *Thomas Fruit Co.* v. *Start*, 107 Cal. 206 [40 Pac. 336]; *Pickwick Stages* v. *Board of Trustees*, 189 Cal. 417 [208 Pac. 961].) Thereafter for approximately ten years no action was taken by either party. On September 10, 1925, however, the plaintiff filed a general demurrer to the defendant's alleged cross-complaint, whereupon the defendant moved to strike said demurrer from the files and have entered the default of the plaintiff for failure to answer the same. The court granted the defendant's said motion, whereupon, and on May 24, 1926, the plaintiff served and filed a motion to set aside the aforesaid order of default and to dismss the action for want of prosecution, the latter motion being made upon the ground that the trial court had no jurisdiction to enter the default of the plaintiff for its failure to answer the defendant's pleading, for the reason that under section 583 of the Code of Civil Procedure the cause not having been brought to trial within five years after the filing of said answer and counterclaim, the court had no jurisdiction to do other than dismiss said action. In the recent case of *Wutchumna Water Co.* v. *Stevenson*, 204 Cal. 191 [267 Pac. 537], upon a quite similar state of facts, this court held that, notwithstanding the fact that the defendant had on file a cross-complaint and counterclaim to which the plaintiff had not joined issue by either demurrer or answer, the trial court had jurisdiction to dismiss the action under the provisions of section 583 of the Code of Civil Procedure when it appeared that a sufficient period had elapsed since the filing of the defendant's answer and cross-complaint to bring the action within the provisions of said section of the code. The difference between these two cases consists in the fact that in the case above cited the motion to dismiss was made by the defendant within the five-year period, while in the present case the motion

to dismiss is made by the plaintiff beyond the five-year period of inaction after answer filed. This distinction, however, only serves to bring the case within the latter clauses of section 583 of the Code of Civil Procedure, which make it mandatory upon the trial court, either upon motion of the defendant or on its own motion, unless such action is brought to trial within five years after defendant has filed his answer, to dismiss the action. In the former case the fact that the cross-complaint was on file upon which issue had not been joined was held not to justify the delay or interfere with the operation of the foregoing section of the code, and this principle is equally applicable to the instant case. The purpose of section 583 of the Code of Civil Procedure is to compel the parties to action in the direction of a speedy trial of causes after issue joined. The trial court in the instant case would have been bound on its own motion to dismiss the action upon having the facts showing an unwarrantable delay brought to its attention, and the fact that it was the plaintiff itself who made the motion is immaterial, since the duty of the court in the premises was mandatory, whether or not a motion to dismiss was made under said section by either of the parties to the action.

The order is affirmed.

Shenk, J., and Langdon, J., concurred.