[Civ. No. 1984. Fourth Appellate District.—June 24, 1936.]

MARY S. LONG, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

754

Edgar L. Martin, George E. Bradley and Eugene L. Graves for Petitioner.

W. Maxwell Burke, John K. Colwell and LeRoy P. Anderson for Respondents.

TURRENTINE, J., *pro tem.*—It appears that petitioner filed an action against certain defendants to quiet title to real estate in Orange County, setting forth her claim to the property in detail and alleging that defendants had no title in the property. The answer denied the plaintiff's title and asserted title in certain of the defendants and asked that certain defendants' title be quieted. At the conclusion of plaintiff's evidence defendants moved the court for a nonsuit and during argument thereon, plaintiff consented to the nonsuit being granted and filed a voluntary dismissal with the clerk of the court. Defendants then asked for a judgment quieting their title against plaintiff without producing or offering to produce any evidence. Respondent court ordered judgment for the defendants quieting their title and ordered defendants to prepare findings of fact and conclusions of law and judgment. Thereupon, petitioner herein (plaintiff below) sought and obtained an alternative writ of prohibition. By its return the respondent court declares it will sign the findings of fact and conclusions of law and judgment for defendants unless the writ herein is made peremptory.

When the defendants made their motion for nonsuit they waived their right to rely upon the allegations seeking affirmative relief in their answer as preventing a voluntary dismissal by the plaintiff. In effect they were asking the same relief, to wit, dismissal, which the plaintiff voluntarily gave by filing the dismissal and consenting to the nonsuit being granted. "A nonsuit, granted on the motion of the defendant, is equivalent, in its operation on the action, to a dismissal with the consent of the defendant." (*Wood* v. *Ramond*, 42 Cal. 643–645.) It follows that where the act of the plaintiff gives the defendant the same relief which he seeks from the court the same result flows as if the relief asked were given by the court. While it is the duty of the clerk to enter the dismissal in his register the dismissal finally terminates the case when filed with the clerk whether or not he makes

the proper entries. (*Hopkins* v. *Superior Court,* 136 Cal. 552 [69 Pac. 299]; *Huntington Park Imp. Co.* v. *Superior Court,* 17 Cal. App. 692 [121 Pac. 701].) "The effect of such an act [filing dismissal] on his part is, *ipso facto,* to dismiss the case, even though the clerk fails to make entry thereof in the register." (*Huntington Park Imp. Co.* v. *Superior Court, supra.*) There being nothing before the court, it was attempting and is attempting to proceed without jurisdiction and prohibition is the proper remedy. (*Los Angeles Gas & Electric Corp.* v. *Superior Court,* 53 Cal. App. 701 [200 Pac. 811]; *King* v. *Superior Court,* 12 Cal. App. (2d) 501 [56 Pac. (2d) 268].)

The demurrer is overruled and it is ordered that the writ of prohibition issue prohibiting respondent from signing findings of fact, conclusions of law and judgment in favor of defendants or any of them.

Barnard, P. J., and Marks, J., concurred.