[Civ. No. 21641.   First Dist., Div. One.   Sept. 10, 1964.]

LEWIS ABBOTT EDDINGS, a Minor, etc. et al., Plaintiffs and Appellants, v. LEE B. WHITE et al., Defendants and Respondents.

580

Lew M. Warden, Jr., for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Defendants and Respondents.

BRAY, P. J.—Appeal from judgment of dismissal and two orders subsequent thereto and motion to dismiss appeal.

### QUESTIONS PRESENTED

1. Must plaintiff pay the sanction in order to have the appeal heard?

2. Is the appeal moot?

3. Did the court have jurisdiction to make the judgment and orders appealed from? No.

### RECORD.

Plaintiff Lewis Eddings, a minor, was injured by being struck by an automobile driven by defendant Marie E. Demelara, and owned by defendants Lee White and Herbert

Richards, doing business as Arthur Murray Dance Studios.[1] On February 21, 1958, plaintiff Lewis Eddings, a minor, by his guardian *ad litem,* and plaintiffs Lewis Thomas Eddings and Repha Mae Eddings, husband and wife, filed complaint against defendants Demelara, White and Richards for damages resulting from said accident.

On September 16, 1958, service of summons and complaint was ordered made on defendant Demelara by publication. Publication was completed and personal service was made upon her in Nicaragua on December 27, 1958. February 24, 1959, defendant Demelara appeared specially and moved to quash service of summons. The motion was denied. Defendant Demelara made no further appearance and on July 9, 1959, her default was entered and judgment against her was entered for $77,407.20. (Defendant Demelara is not a party to this appeal.)

On March 4, 1963, defendants White and Richard, pursuant to Code of Civil Procedure section 583, filed notice of motion to dismiss the action for failure to bring it to trial within five years of filing the complaint. The notice provided that the motion would be heard March 11. On March 6, plaintiffs, pursuant to section 581 of the Code of Civil Procedure filed ''Partial Dismissal of Action'' instructing the clerk of the court to enter a dismissal of the action ''retaining only the action of the plaintiff minor against Maria E. Demelara.'' On the same day the clerk entered dismissal as requested.

On March 8 plaintiff filed ''Declaration in Opposition to Motion for Five Year Dismissal.''[2]

On March 7 plaintiffs' attorney wrote the presiding judge of the superior court calling his attention to the voluntary dismissal of the action, stating that it would be impossible for counsel to be present on March 11 due to his engagement in another court, that because of the voluntary dismissal counsel believed that there was nothing before the court upon which to act and that the motion to dismiss should be denied. He requested that if the court felt otherwise, the matter be continued to a later date. On March 11, disregarding counsel's request for continuance, the court entered judgment of

[1]The last two defendants will be referred to hereinafter as White and Richards.

[2]This contained, among other matters, a statement that plaintiffs had voluntarily dismissed the action as against the defendants other than defendant Demelara "[a]nd, hence no action or proceeding exists which may be the subject of said defendants' within motion.''

dismissal. This judgment is appealed. Plaintiffs moved for order setting aside judgment of dismissal. On March 27 the court entered an "Order"[3] setting aside the judgment of dismissal entered March 11, "On condition, however, that Lew M. Warden, Jr., Esq., counsel for plaintiffs, pay to said defendants a fee of One Hundred Dollars ($100.00) *by way of sanction,* in that undue delay and expense were caused said defendants and their counsel by said counsel for plaintiffs." (Italics added.) "And further provided that said defendants have and recover their costs from plaintiffs herein." Then follows a provision to the effect that if the said fee of $100 and the said costs are not paid within five days "said order of dismissal shall be and continue in full force and effect." This is one of the orders appealed.

Thereafter, defendants moved the court for an order declaring the judgment of dismissal of March 11 in full force and effect, because of nonpayment of the costs and $100 attorney fee referred to in order setting aside judgment of dismissal. On April 29 an "Order" was made declaring the judgment of dismissal in full force and effect.[4] Plaintiffs appeal from this order.

1. *Plaintiffs do not have to pay the sanction to have the appeal heard.*

■ Defendants contend that plaintiffs can have no standing in this court until they pay the sanction ordered in the order setting aside judgment of dismissal. This contention is absurd.

2. *The appeal is not moot.*

Defendants' position on this is a little difficult to understand. They say that because, prior to the orders appealed from plaintiffs had voluntarily dismissed the proceeding, that dismissal will stand, even if the court's judgment of dismissal does not. Hence, say they, the action is dismissed and the appeal is moot. Yet they contend that the voluntary dismissal did not preclude the court from entering an involuntary dismissal.

This whole matter is a tempest in a teapot due to the refusal of the court at the hearing of the motion for involuntary dismissal to recognize plaintiffs' preceding voluntary dismissal. Defendants seem to contend that the failure of plaintiffs' counsel to appear at the hearing of their motion to

---

[3]Hereinafter referred to as order setting aside judgment of dismissal.
[4]This order will be referred to as order of dismissal to continue.

dismiss justified the court in dismissing the action although it had already been dismissed, and also justified the prescribing of sanction in setting aside this void dismissal.

As will hereinafter appear, the judgment of involuntary dismissal and the two following orders are void. The action having been dismissed, plaintiffs are entitled to have them expunged from the record, particularly the order imposing a sanction. Certainly where a court refused to set aside a void order the party affected has a right to appeal from such refusal in order to clear the record.

Plaintiffs contend that as one plaintiff is a minor, an involuntary judgment of dismissal would bar any further action by him, whereas a voluntary dismissal would not do so, and that the minor at any time during minority could file a new action for the claimed tort. We deem it unnecessary to determine this question, as plaintiffs are entitled to this appeal if for no other reason than to clear the record.

*Foster* v. *Smith* (1897) 115 Cal. 611 [47 P. 591] cited by defendants is not in point. That case held that an appeal from a temporary injunction restraining a stockholder from voting at a corporation directors' election, but which injunction was dismissed prior to the election, was moot, obviously a situation dissimilar from that in the instant case.

3. *The judgment and orders are void.*

It is a well-settled proposition of law that where a plaintiff has filed a voluntary dismissal of an action pursuant to section 581, subdivision 1, the court is without jurisdiction to act further. (*Hopkins* v. *Superior Court* (1902) 136 Cal. 552, 554 [69 P. 299] ; *Cook* v. *Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868] ; see also *Colby* v. *Pierce* (1936) 17 Cal.App.2d 612, 614 [62 P.2d 778] ; *Lake* v. *Sterling* (1963) 220 Cal.App.2d 35, 37 [33 Cal.Rptr. 584].)

In *Long* v. *Superior Court* (1936) 14 Cal.App.2d 753 [58 P.2d 952], the court issued writ of prohibition prohibiting the superior court judge from signing findings of fact, conclusions of law and judgment where the defendants had moved for a nonsuit, the plaintiff had consented to the nonsuit being granted, and plaintiff then filed a voluntary dismissal of the action. The court held, quoting from *Huntington Park Improv. Co.* v. *Superior Court* (1911) 17 Cal.App. 692, 694 [121 P. 701] : ''The effect of such an act [filing dismissal] on his part is, *ipso facto* to dismiss the case, even though the clerk fails to make entry thereof in the register.'' (In the case at bench the clerk made such entry.) The court in *Long*

then said: "There being nothing before the court, it was attempting and is attempting to proceed without jurisdiction. . . ." (P. 755.)

Defendants contend, first, that because their motion for involuntary dismissal was pending and "The situation at the time the motion was noticed is that which controls its determination" (*Romero* v. *Snyder* (1914) 167 Cal. 216, 220 [138 P. 1002]) plaintiff could not voluntarily dismiss. They cite no authority to support this proposition. As hereinbefore stated in *Long* v. *Superior Court, supra,* 14 Cal.App.2d 753, the plaintiff had consented to the granting of a nonsuit and then filed a voluntary dismissal. In spite of the fact that proceedings were then pending for settlement of findings and entering of judgment, the court held that the filing of the voluntary dismissal *ipso facto* dismissed the case and the court had no jurisdiction to proceed further.

Secondly, in *Sacramento Transp. Co.* v. *California Reclamation Co.* (1928) 205 Cal. 42, 44 [269 P. 640], where the trial court set aside a default entered approximately 10 years after the action was filed for plaintiff's failure to answer a cross-complaint, and then dismissed the action, the court stated: "The trial court in the instant case would have been bound on its own motion to dismiss the action upon having the facts showing an unwarrantable delay brought to its attention, and the fact that it was the plaintiff itself who made the motion is immaterial, since the duty of the court in the premises was mandatory, whether or not a motion to dismiss was made under said section by either of the parties to the action." Based upon that language defendants apparently contend that the mere filing of the notice of motion for involuntary dismissal constituted "having the facts showing an unwarrantable delay brought" to the attention of the court, and that the court should have dismissed the action without waiting for the noticed hearing, and that, therefore, plaintiff could not voluntarily dismiss. Again, no authority is cited for this proposition, and there is no basis for it.[5]

As pointed out in *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981], "The provision of section 583 requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, *but it is*

---

[5]It must be borne in mind that throughout this opinion we are considering only the right of a plaintiff to dismiss his action where the defendant, as in this case, has not sought affirmative relief.

*subject to implied exceptions."* (Italics added.) The case then discusses one of those exceptions. Thus, until the hearing of the motion to dismiss the court may not know whether the case comes within the exceptions of section 583. Until the court actually makes an order of dismissal, a plaintiff may dismiss the action and thereafter the court loses all jurisdiction of the proceeding.

█ The trial court had no jurisdiction to enter a dismissal pursuant to section 583 Code of Civil Procedure, after a voluntary dismissal had been filed. Therefore the judgment of March 11, 1963 was void, and plaintiffs' motion to vacate it should have been granted. That portion of the court's order of March 27 vacating the judgment of dismissal and attempting to impose a sanction as a condition of vacating the dismissal, was beyond the jurisdiction of the court and hence void. █ Payment of defendants' costs or attorney's fees is not a prerequisite to obtaining a voluntary dismissal.

In *Hopkins, supra,* the clerk refused to enter the plaintiff's voluntary dismissal in the record, basing his refusal to do so upon an order of the superior court directing that all proceedings in relation to the dismissal be stayed, unless the plaintiff within five days paid defendant the amount of his costs.[6] The reviewing court held that the trial court imposed upon the plaintiff "an illegal condition as the price of her order of dismissal." (P. 554.) Such is the situation in the instant case. █ ▪Likewise, the order of April 29 declaring the judgment of dismissal in force is obviously void, the court having no jurisdiction to make it.

Defendants' contention that dismissal under section 583 was mandatory once the notice of motion to dismiss under that section was filed is not well founded. █ A voluntary dismissal may be filed at any time before formal action is taken by the court upon the motion.

*Sacramento Transp. Co.* v. *California Reclamation Co., supra,* 205 Cal. 42 [269 P. 640] obviously is not in point. That case merely held that after the five years referred to in section 583, Code of Civil Procedure, had expired the trial court had no jurisdiction over the action and that it had no power to order the default of the plaintiff for failure to answer the cross-complaint. No voluntary dismissal was involved.

---

[6]This order was somewhat similar to the order in our case imposing payment of attorney's fees and costs as a condition to setting aside the involuntary dismissal.

Defendants' motion to dismiss the appeal is denied.

The judgment of dismissal and the orders relating thereto are reversed.

Sullivan, J., and Molinari, J., concurred.