[Civ. No. 35881. Second Dist., Div. Four. Apr. 9, 1970.]

PAUL EGLY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES, COUNTY, Respondent;
MARTIN L. ABRAMS, as Trustee, etc., Real Party in Interest.

**COUNSEL**

Kirtland & Packard, Ellis J. Horvitz and Austin C. Smith, Jr., for Petitioners.

No appearance for Respondent.

Stearns, Gross & Moore, and Richard T. Gross for Real Party in Interest.

## OPINION

ALARCON, J.*—The petitioners seek a writ of mandate from this court to require the Superior Court for Los Angeles County to vacate its order of December 23, 1969, staying the entry of a dismissal with prejudice of the complaint filed by Frances M. Dianetti against the petitioners to annul the orders of December 30, 1969, granting the motion of the real party in interest for a lien upon Frances M. Dianetti's cause of action against the petitioners, and to set aside the order of December 30, 1969, granting the motion of the real party in interest to intervene in said action.

### FACTUAL BACKGROUND

On June 16, 1965, Paul J. Dianetti and Frances M. Dianetti filed a complaint against the petitioners (superior court case number 862 523) alleging negligence and breach of contract. The petitioners, a law firm, represented Mr. and Mrs. Dianetti in the negotiations with their creditors. A trust agreement was entered into between Mr. and Mrs. Dianetti and Martin L. Abrams as trustee, and certain creditors. The petitioners filed their answer on March 17, 1966.

On December 1, 1969, Martin L. Abrams (real party in interest), in his capacity as trustee for certain creditors of Mr. and Mrs. Dianetti, obtained a judgment against Frances M. Dianetti[1] for failure to pay for work, labor and materials furnished in the construction of an apartment and commercial structure.

On December 8, 1969, Martin Abrams, Trustee, filed a motion as judgment creditor, for a lien (pursuant to Code Civ. Proc., § 688.1) upon the cause of action of Frances M. Dianetti against the petitioners, and for leave to file a complaint in intervention in the action brought by Mrs. Dianetti against the petitioners (superior court case number 862 523). The matter was noticed by real party in interest, for December 23, 1969.

On December 22, 1969, Frances M. Dianetti entered into a settlement of her claim against the petitioners for $10,000 and signed a release and a request for dismissal of her action against petitioners with prejudice. On the same date the petitioners filed with the clerk of the respondent superior court Mrs. Dianetti's request for the entry of a dismissal with prejudice. Counsel for petitioners advised the clerk that he wished to have the dismissal

---

*Assigned by the Chairman of the Judicial Council.

[1]In said action judgment was for Paul J. Dianetti and against Martin Abrams, Trustee, because the claim against Paul Dianetti was discharged in bankruptcy.

entered and to have the original presented to the clerk in department 63, in which courtroom the motion of the real party in interest for a lien and for intervention was set to be heard on December 23, 1969. The dismissal clerk instructed counsel for petitioners to take the original of the request for entry of a dismissal with prejudice to the clerk in department 63. As instructed, counsel for petitioners left the dismissal request (which bore the December 22 filing stamp) with the clerk in department 63 with the request that it be returned to the dismissal clerk for entry.

On December 23, 1969, the motions of the real party in interest for a lien and for intervention were continued to December 30, 1969, upon the court's own motion. The court also ordered the clerk "to stay the entry of Dismissal on the Request for Entry of Dismissal heretofore filed herein on December 22, 1969, until further order of the Court."

On December 30, 1969, the respondent superior court granted the motions for a lien and for intervention.

## PROBLEM

The petitioners contend that the *filing* of the request for an entry of a dismissal with prejudice on December 22, 1969, terminated the action and deprived the respondent trial court of jurisdiction to entertain the motions of the real party in interest for a lien and for intervention.

The real party in interest contends that he became a party to the action upon the filing of his motions to intervene and for a lien on December 9, 1969. Therefore, the trial court could not allow the request for a dismissal to be entered without the consent of the intervenor.

## DISCUSSION

Code of Civil Procedure section 581 provides in subdivision 1 that an action may be dismissed "By plaintiff, by written request to the clerk, filed with the papers in the case, . . . at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; provided, that a counter claim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant." Code of Civil Procedure section 581d provides in relevant part: "A written dismissal of an action shall be entered in the clerk's register or in the docket in the justice court, as the case may be, and is effective for all purposes when so entered."

The clerk's duty to make the entry in the clerk's register is ministerial only, and, if the statutory conditions are met, he must make the entry. (See 1 Witkin, Cal. Procedure (1954) § 23, p. 1660.) It has been held that the effect of the filing of a proper request for dismissal is *"ipso*

*facto,* to dismiss the case, even though the clerk fails to make entry thereof in the register. In such case, prohibition will lie to restrain the court from proceeding with the trial, for the reason that the court has been ousted of jurisdiction by the act alone of plaintiff." (*Huntington Park Co.* v. *Superior Court,* 17 Cal.App. 692, 694 [121 P. 701].) In *King* v. *Superior Court,* 12 Cal.App.2d 501, 511 [56 P.2d 268], the court states: "In the instant case it does not appear that the order of dismissal had been entered in the clerk's register. The duty to so enter it was ministerial and the failure to perform this duty should not be held to change the rights of the parties. We should regard that done which should have been done and measure the rights of the parties as though the required entry which amounted to a final judgment in the case had been made." In *Hopkins* v. *Superior Court,* 136 Cal. 552, 554 [69 P. 299], the clerk refused to enter the dismissal because of an order of the court directing that all proceedings in relation to the dismissal be stayed, unless plaintiff pay to defendant the amount of his costs in the action. The court states that "plaintiff had done everything that the statute required, and stood entitled, as an absolute right, to have her order of dismissal entered. In this she was prevented by the order of the court directing the clerk to refuse to enter the order until plaintiff had complied with an illegal condition." It was held that the court had no right to impose the condition; that "Its sole power and its sole jurisdiction under the circumstances indicated was to have ordered the proper entry of dismissal in the register. Its refusal to do this, and its subsequent order setting the case for trial, were unwarranted and in excess of its jurisdiction." (See also, *Kaufman* v. *Superior Court,* 115 Cal. 152, 155-156 [46 P. 904]; *Long* v. *Superior Court,* 14 Cal.App.2d 753 [58 P.2d 952]; *Silverton* v. *Free,* 120 Cal.App.2d 389, 390 [261 P.2d 17]; *Schubert* v. *Bates,* 30 Cal.2d 785, 788 [185 P.2d 793].)

Accordingly, the case was effectively dismissed on December 22, 1969, provided "that a counter claim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant." (Code Civ. Proc., § 581, subd. 1.) Real party in interest refers us to Code of Civil Procedure section 1005.5 which states that a motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes upon the due service and filing of the notice of the motion,—and contends that, as of December 9, 1969, his motion was before the court, precluding a dismissal on December 22. It is also contended that he (the Trustee) in effect became a party to the action when his motion to intervene was filed; that he sought affirmative relief; and that the express provisions of Code of Civil Procedure section 581 prevented a dismissal. It is further contended that a dismissal is precluded by the provisions of Code of Civil Procedure section 688.1

wherein it provides that "Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged." No authorities in point have been cited for any of the above contentions.

First, with regard to the provisions of 688.1, quoted above, it would appear that they were intended to apply only upon the *establishment* of such lien. The section provides that the court, in its discretion, may order that the judgment creditor be granted a lien. It then provides that "Such judgment creditor shall have a lien to the extent of his judgment," but obviously he "shall have a lien" only upon the making of an order allowing it.[2]

It would likewise appear that the Trustee obtained no rights as an intervenor until there was an order permitting intervention. Section 688.1 provides that the court "may permit said judgment creditor to intervene therein." Code of Civil Procedure 387 provides: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. *An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons,* either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, *and is made by complaint* setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action . . . ." (Italics added.)

In *In re Mercantile Guar. Co.,* 263 Cal.App.2d 346, 350 [69 Cal.Rptr. 361], the court states: "Under section 581, subdivisions 1 and 5, the plaintiff may not dismiss an action, wtih or without prejudice, if the defendant has requested affirmative relief. The term 'defendant' applies to an inter-

---

[2]In *Hersch v. Boston Ins. Co.,* 175 Cal.App.2d 751 [346 P.2d 796], the court, in determining that an order granting a lien is an appealable order, states: "When a court grants a lien upon a cause of action and the judgment which might thereafter follow, it is a final determination of a matter collateral to the main issues in the case. Particularly is this so *when the establishment of such lien* prevents any settlement of the main action without consideration of the lien." (P. 753.) And, at page 755, in holding that section 688.1 is not an arbitrary restraint of freedom of contract, the court states: "Thus, the Legislature substituted for the right of levy and sale which theretofore existed the right of the judgment creditor to apply to the court for a lien, *which, if granted,* required either its payment or the approval of the creditor before the cause of action or judgment could be compromised or satisfied, a much less drastic remedy than that of an execution sale." (Italics added.)

venor in the action if he has sought affirmative relief against a party to the action. (E.g., *Voyce* v. *Superior Court,* 20 Cal.2d 479, 485 [127 P.2d 536].)" In that case, however, the state had in fact intervened in the action before the attempted voluntary dismissal, and the only question was whether the state requested affirmative relief in its complaint in intervention. Likewise, in the cited case, *Voyce* v. *Superior Court,* there was a pleading on file seeking affirmative relief in a will contest proceeding which the court held prevented a voluntary dismissal. In *Hersch* v. *Boston Insa Co., supra,* 175 Cal.App.2d 751, 757, the court refers to the Supreme Court's decision in *McClearen* v. *Superior Court,* 45 Cal.2d 852 [291 P.2d 449], which, it states, "has approved the provision in section 688.1 which gives the trial court the power to permit the judgment creditor lienholder the right to intervene in the main action, thus indirectly upholding the provision against compromise without the creditor's consent, *for once intervention is permitted and the intervener asks for affirmative relief,* the action cannot be dismissed without the intervener's consent." (Italics added.)

In *Klinghoffer* v. *Barasch,* 4 Cal.App.3d 258, 262 [84 Cal.Rptr. 350], plaintiff's dismissal was filed after the court had granted leave to intervene, but before the complaint in intervention had been filed. Upon appeal the court affirmed an order dismissing the complaint in intervention, stating: "In the case at bench, prior to the dismissal, appellant had not filed any pleading at all. The only thing she had done was to obtain leave to file a pleading, and to obtain orders extending the time within which she might plead. Appellant is in no different position than a defendant named in a complaint, who obtains an extension of time to plead, and then finds that plaintiff has dismissed the action before any answer or counterclaim or cross-complaint has been filed. Under section 581, the action has been terminated, and no further pleading by anyone is appropriate."

From the above it seems clear that the Trustee did not become a party to the action upon the filing of the motion for a lien,[3] or upon the mere filing of an application for leave to intervene.[4] As of December 22, 1969, there was no pleading on file seeking affirmative relief within the meaning

---

[3]A lien claimant who has been granted a lien does not become a "party" to the action. (*Apostolos* v. *Estrada,* 163 Cal.App.2d 8, 10 [328 P.2d 805].)

[4]Compare *Eddings* v. *White,* 229 Cal.App.2d 579, 584 [40 Cal.Rptr. 453], where defendants filed a motion to dismiss under the five-year provisions of Code of Civil Procedure section 583. Before hearing thereon, plaintiff filed a voluntary dismissal. Defendants contended that because their motion for involuntary dismissal was pending and " 'The situation at the time the motion was noticed is that which controls its determination,' " plaintiff could not voluntarily dismiss. The court points out that until the hearing of the motion to dismiss the court may not know whether the case comes within any of the implied exceptions to section 583 and held that "Until the court actually makes an order of dismissal, a plaintiff may dismiss the action and thereafter the court loses all jurisdiction of the proceeding." (P. 585.)

of Code of Civil Procedure section 581, and it would therefore appear that plaintiff had an absolute right to dismiss, and that the dismissal was effective as of that date. Accordingly, the court thereafter was without jurisdiction to act upon the Trustee's motions. "It is a well-settled proposition of law that where a plaintiff has filed a voluntary dismissal of an action pursuant to section 581, subdivision 1, the court is without jurisdiction to act further. [Citations.]" (*Eddings* v. *White, supra,* 229 Cal.App.2d 579, 583.)

Let a peremptory writ of mandate issue directing the respondent superior court: (a) to vacate its order of December 23, 1969, staying the entry of the dismissal with prejudice; (b) to annul its orders of December 30, 1969, granting a lien and leave to file a complaint in intervention; and (c) to direct its clerk to enter the dismissal with prejudice.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 30, 1970.