Filed 8/25/21 Merritt v. Mozilo CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SALMA MERRITT et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>ANGELO MOZILO et al.,<br><br>     Defendants and Respondents. | H047636<br>(Santa Clara County<br>Super. Ct. No. 2009-1-CV-159993) |

Plaintiffs Salma Merritt and David Merritt obtained two loans to purchase a home. After they were unable to repay the loan, they brought an action against several defendants for predatory lending practices. The trial court entered a judgment of dismissal after granting defendants' motions for judgment on the pleadings.[1] Plaintiffs appealed, and on September 17, 2019, this court affirmed the judgment. (*Merritt et al. v. Countrywide Financial Corp. et al.* (Sept. 17, 2019, H041560) [nonpub. opn.] (H041560).) The remittitur issued on November 25, 2019.

---

[1] One motion for judgment on the pleadings was brought by defendants: Countrywide Home Loans, Inc. (CHL) and its parent company Countrywide Financial Corporation (CFC); their successor in interest, Bank of America, N.A.; former CFC Chief Executive Officer Angelo Mozilo; former CFC executive David Sambol; former CHL branch manager Michael Colyer; and former Bank of America Chief Executive Officer Kenneth Lewis (collectively Countrywide defendants). A second motion was brought by defendant JPMorgan Chase Bank, N.A. (Chase). Chase appeared on behalf of Bear Stearns.

On September 26, 2019, Countrywide defendants filed with the clerk a request to voluntarily dismiss without prejudice a cross-complaint it had filed on August 30, 2012.[2] The clerk entered the dismissal as requested. Plaintiffs subsequently filed an application requesting that the trial court: (a) vacate the entry of dismissal; or (b) amend the judgment of dismissal to include the cross-complaint; or (c) dismiss the cross-complaint with prejudice based on abandonment; or (d) enter an order holding that this court's 2019 opinion is a final judgment as to the cross-complaint. After obtaining briefing, the trial court denied the application, finding that Countrywide defendants "had the right to dismiss the cross-complaint."

Plaintiffs appeal, arguing that it was improper for the clerk to enter a dismissal without prejudice because: (a) the cross-complaint had been abandoned; (b) Code of Civil Procedure section 581, subdivision (i)[3] precluded voluntary dismissal; (c) the case had already been adjudicated; (d) lack of jurisdiction precluded voluntary dismissal; and (e) principles of retraxit demand that the voluntary dismissal be deemed to be with prejudice. We reject these arguments and affirm the order.

I.    DISCUSSION

Section 581 permits a plaintiff to voluntarily dismiss, with or without prejudice, a case or any cause of action before "the actual commencement of trial." (§ 581, subds. (b)(1), (c).) "Apart from certain . . . statutory exceptions, a plaintiff's right to a voluntary dismissal [before commencement of trial pursuant to section 581] appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action." (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784.)

---

[2] The cross-complaint sought declaratory relief, specifically, that "[t]he two modified loan agreements have not been rescinded or terminated."

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## A. ABANDONMENT

A plaintiff must bring its action to trial "within five years after the action is commenced against the defendant." (§ 583.310.) "If this deadline is not met, the action 'shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties . . . .' (§ 583.360, subd. (a).) 'The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.' (§ 583.360, subd. (b).)" (*Gaines v. Fidelity National Title Insurance Co.* (2016) 62 Cal.4th 1081, 1089-1090.)

Plaintiffs argue that the voluntary dismissal was improper because the action had not been brought to trial within five years. We disagree. Our high court has recognized certain "implied exceptions to mandatory dismissal if an action is not brought to trial within five years from the date of filing the original complaint," concluding "that a court may excuse a plaintiff's failure to bring an action to trial within the prescribed time where for all practical purposes going to trial would be impossible, or because proceeding to trial would be both impracticable and futile." (*General Motors Corp. v. Superior Court* (1966) 65 Cal.2d 88, 99 (dis. opn. of McComb, J.).) "Thus, until the hearing of the motion to dismiss the court may not know whether the case comes within the exceptions of [former] section 583. Until the court actually makes an order of dismissal, a plaintiff may dismiss the action and thereafter the court loses all jurisdiction of the proceeding."[4] (*Eddings v. White* (1964) 229 Cal.App.2d 579, 585 (*Eddings*).)

Here, sections 583.310 and 583.360 did not bar defendants from obtaining a voluntary dismissal of the cross-complaint. Application of the statutes would have required notice and a determination whether any of the exceptions were applicable.

---

[4] Former section 583 was repealed and substantially incorporated into sections 583.110 (definitions), 583.310 (time for trial), 583.320 (time for new trial), 583.330 (extension of time), 583.340 (computation of time), 583.360 (mandatory dismissal), 583.410 (discretionary dismissal), and 583.420 (time for discretionary dismissal).

Until such time, defendants were entitled to seek a voluntary dismissal of the cross-complaint. Plaintiffs identify no case holding that these sections are an absolute bar to obtaining a voluntary dismissal. On the contrary, the court in *Eddings* concluded it was improper to enter a judgment of dismissal with prejudice *after* the plaintiffs had already properly obtained a voluntary dismissal. (*Eddings*, *supra*, 229 Cal.App.2d at p. 585.)

### B.     SECTION 581, SUBDIVISION (I)

Plaintiffs next argue that voluntary dismissal was not authorized because the cross-complaint sought "affirmative relief."   Under section 581, subdivision (i), "[n]o dismissal of an action may be made or entered, or both, under paragraph (1) or subdivision (b) where affirmative relief has been sought by the cross-complaint of a defendant . . . ."  Plaintiffs, however, misread section 581, subdivision (i), as it merely prohibits a *plaintiff* from dismissing an action without prejudice when a cross-complaint seeking affirmative relief is pending against that plaintiff.  Thus, "[a] plaintiff may not unilaterally dismiss the entire action if a cross-complaint or complaint in intervention is pending." (*Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 425, italics omitted.) Section 581, subdivision (i) did not bar defendants' voluntary dismissal.

### C.     COMMENCEMENT OF TRIAL

Plaintiffs contend that defendants no longer had the right to voluntarily dismiss the cross-complaint because the case had been adjudicated.   " '[T]he right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute.'  [Citation.] There are statutory exceptions to a plaintiff's right of voluntary dismissal, and 'other limitations have evolved through the courts' construction of the term "commencement of trial." ' [Citation.]" (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 769.) "These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1402.)

4

Here, the merits of defendants' cross-complaint had not proceeded to a determinative adjudication, or to a decision that was tantamount to an adjudication. The cross-complaint sought a declaratory judgment that the loan modifications had not been rescinded. The trial court's order entering judgment on the pleadings did not reach the issue of rescission. As this court noted in its prior opinion, the purported rescission letter "was not before the trial court when it ruled on the motion for judgment on the pleadings" and therefore would not be considered. (H041560 at p. 5, fn. 4.) Thus, defendants were permitted to seek voluntary dismissal of the cross-complaint.

## D.   JURISDICTION

Plaintiffs argue that the trial court had no jurisdiction to dismiss the cross-complaint because the remittitur had not yet issued from this court. This argument is unavailing. During the pendency of an appeal, a trial court may proceed "upon any other matter embraced in the action and not affected by the judgment or order [on appeal]." (§ 916, subd. (a).) " '[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' " [Citation.] 'If so, the proceedings are stayed; if not, the proceedings are permitted.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.)

Here, as we explained, the trial court entry of judgment on the pleadings did not embrace the issue of rescission, which was not before the court. In our prior opinion, we confirmed that because the letter purporting to rescind the modified loan agreements was not before the trial court, the rescission issue could not be considered on appeal. (H041560 at p. 3, fn. 4.) Plaintiffs contend that by merely mentioning the purported rescission letter, our prior opinion "did embrace the rescission issue . . . ." Not so, as we noted the rescission issue in a footnote only to make clear that the rescission claim was *not* being considered on appeal. In sum, voluntary dismissal of the cross-complaint had

5

no effect on the effectiveness of the appeal, or on this court's ability to conduct the appeal.  Thus, voluntary dismissal of the cross-complaint was not precluded based on lack of jurisdiction.

### E.    RETRAXIT[5]

Finally, plaintiffs argue that the doctrine of retraxit authorizes this court to transform the voluntary dismissal without prejudice into a dismissal with prejudice. Plaintiffs did not raise this argument before the trial court in their application challenging entry of the voluntary dismissal.  Defendants contend that this argument is forfeited because plaintiffs failed to raise it in the trial court.  We agree.

" ' "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court."  Thus, "we ignore arguments, authority, and facts not presented and litigated in the trial court.  Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.  [Citations.]" ' [Citation.]" (*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830.)  Here, plaintiffs failed to raise the retraxit issue with the trial court.  Further, they present no argument as to why the failure to raise the argument in the trial court should be excused.  Accordingly, it is forfeited on appeal.

## II.    DISPOSITION

The order is affirmed.

---

[5] " 'Retraxit' describes the particular application of claim preclusion to a claim that has been dismissed with prejudice.  [Citation.]  A dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim." (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91.)

6

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

GROVER, J.

_____

DANNER, J.

*Merritt et al. v. Mozilo et al.*
H047636

7